16582

STATE v. HAYNIE

(68. S. E. (2d) 628)

*Mr. H. Campbell Miller,* of Anderson, *for Appellant,* cites:

Mr. *Rufus Fant, Solicitor,* of Anderson, *for Respondent,*
cites :

January 14, 1952.

STUKES, Justice.

Appellant and another were tried in the Court of General Sessions of Anderson County upon an indictment for robbery. The jury convicted both of grand larceny, and the appellant alone appealed. The only assignment of error relates to the instructions to the jury. Neither appellant nor his co-defendant testified or offered any evidence.

The appeal record contains only the following with respect to the evidence: "The prosecuting witness testified that while riding around on a country road at night with appellant and Marion Harris in an automobile he had borrowed, appellant and Harris forced him from the automobile and against his will took $168.00 from him and drove off. That he asked them not to hurt the car as it was not his and they told him that he would find the car about two miles up the road at a gas station. He found the car unharmed. That he never got his money back."

The portion of the instructions, to which the single exception relates, was as follows: "I charge you further, gentle-

men, that robbery is the felonious taking and carrying away of the personal property of another from his person by violence or putting him in fear. Robbery includes larceny and all the elements that are necessary to constitute larceny are also necessary to constitute robbery, then I must explain larceny to you. Larceny means the unlawful taking and carrying away of the personal property of another of the value of $20.00 or more, with the wicked, unlawful intent to take that which belongs to another, destroy his ownership and property rights in that property, and to convert it to one's own use and benefit."

The gist of appellant's contention is that the instructions were deficient in that they did not define grand larceny as being the felonious taking or stealing of property. In view of the content and plain meaning of the quoted instructions the complaint of error is manifestly without merit. Appellant was represented by trial counsel who should have requested further definition, if deemed necessary in his client's interest, which we do not think it was. The language used by the trial court was more easily understood by the lay jury than would have been repetition of the word "felonious" or use of the term "stealing."

Grand larceny is not defined by statute in this State but the elements of the crime are well-established by the common law and they were stated with sufficient accuracy and clarity in this case—certainly in the absence of request for elaboration. See the decisions collected under the title of Larceny in 21 S. E. Dig. and pocket parts.

Fair analysis of the instructions shows that they included, as an element of the crime of larceny, felonious intent. "Unlawful" was employed as a descriptive adjective, which is self-explanatory even to a layman, and so is the word "wicked." Webster gives as synonyms of the latter: sinful, criminal, guilty, unjust, etc.

The definition of "felonious" as meaning "wickedly and against the admonition of the law unlawfully," was held exactly descriptive of the features of a killing which rendered

the offense manslaughter under the statute of that jurisdiction in *State v. Allister,* 317 Mo. 348, 295 S. W. 754, 757. An instruction that if defendant purposely killed deceased after reflection, with a wickedness and depravity of heart toward the deceased, etc., the defendant was guilty of murder in the first degree, is sufficient as an allegation of the highest degree of malice. *Lang v. State,* 84 Ala. 1, 4 So. 193, 195, 5 Am. St. Rep. 324. Malice is a state and condition of the mind or heart which is best understood as "wickedness." *State v. Walker,* 9 Houst. Del., 464, 33 A. 227, 228.

The appeal falls, by analogy, within the following from the opinion in *State v. McCann,* 167 S. C. 393, 166 S. E. 411, 415: "Proof beyond a reasonable doubt of a fraudulent intention is necessary before the crime of breach of trust is complete. That was expressly held in *State v. Butler* [21 S. C. 353], *supra,* on which the appellant depends to sustain his exception as to the charge, and the conviction of the defendant in that case was reversed because the trial judge there failed to so charge upon the specific request of the defendant.

"In this case, the appellant did not make a request for the charge he now urges should have been given. In the absence of such request, and upon careful examination of the whole charge as given, we are unable to hold that there is reversible error, as contended for by the appellant. The presiding judge, in the absence of the specific request, we think sufficiently stated the law applicable to the crime charged against the appellant."

The judgment is affirmed.

BAKER, C. J., and FISHBURNE, TAYLOR and OXNER, JJ., concur.