## 19815

Jack BALLEW, Appellant, v. The STATE of South Carolina, Respondent

(204 S. E. (2d) 736)

*David W. Goldman, Esq.,* of Sumter, *for Appellant,*

*Messrs. Daniel R. McLeod, Atty. Gen., Emmet H. Clair, Robert M. Ariail, Asst. Attys. Gen.,* and *Stephen T. Savitz, Staff Attorney,* of Columbia, *for Respondent,*

April 25, 1974.

Moss, Chief Justice:

Jack Ballew, the appellant herein, represented at the time by retained counsel, entered a plea of guilty at the 1966 May Term of the Court of General Sessions for Sumter County to an indictment containing two counts, one charging housebreaking and the other grand larceny. The trial judge imposed a sentence of fifteen years.

Thereafter, on October 10, 1972, the appellant filed an application for postconviction relief alleging that the sentence of fifteen years, in gross, was improper and illegal. On June 28, 1973, the Honorable Dan F. Laney, Jr., Resident Judge, denied the appellant any relief for lack of merit in·his allegations and contentions. This appeal is from such order.

The first count in the indictment charged the appellant with breaking and entering a warehouse with intent to steal. This is a statutory offense, Section 16-332 of the Code, punishable by imprisonment of a term not exceeding five years. The second count charged grand larceny which is a common-law offense for which a sentence up to ten years may be imposed. It is apparent that the in gross sentence of fifteen years imposed by the trial judge did not exceed

the aggregate of the punishment which could have been imposed under the counts to which the appellant entered a plea of guilty. However, the sentence imposed did exceed that which could have been validly given upon any one count of the indictment.

The rule in this State is that on conviction, under an indictment charging separate offenses in separate counts, a single sentence for all the offenses may be given so long as it does not exceed the aggregate of sentences which might be separately imposed. The better practice, however, is for the trial judge to separately assess the punishment on each count and to direct whether the sentences so imposed shall be served concurrently or consecutively. *Copeland v. Manning,* 234 S. C. 510, 109 S. E. (2d) 361; and *Allen v. MacDougall,* 248 S. E. 588, 151 S. E. (2d) 863. It follows that the in gross sentence here imposed was neither improper nor illegal.

The appellant asserts error on the part of the trial judge in dismissing his application without conducting an evidentiary hearing.

The record shows that the State and the appellant made motions for summary judgment on the basis that there was no genuine issue of material fact. An examination of the entire record reveals that the only issue presented involved purely a question of law, and this did not require an evidentiary hearing. Under Section 17-606(c) of the Code, the trial judge may grant a motion for summary disposition of the case where the record reflects no genuine issue of material fact. This provision has been upheld by this Court in *Wood v. State,* 257 S. C. 179, 184 S. E. (2d) 702. There was no error on the part of the trial judge in dismissing the application of the appellant without a hearing.

The judgment below is,

Affirmed.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.