20653

The STATE, Respondent, v. Frankie Lee MALLORY, Appellant.

(242 S. E. (2d) 693)

*T. Louis Cox, Michael Spears* and *J. Stephen Schmutz, Public Defenders,* of Spartanburg, *for Appellant,*

*Daniel R. McLeod, Atty. Gen., Brian P. Gibbes* and *Robert N. Wells, Jr., Asst. Attys. Gen.,* of Columbia, and *John H. Nolen, Sol.,* of Spartanburg, *for Respondent,*

March 23, 1978.

Lewis, Chief Justice:

Appellant seeks a reversal of his conviction and sentence to twenty (20) years for burglary and assault and battery of a high and aggravated nature, upon the grounds that the trial court erred (1) in permitting the solicitor to cross-examine him relative to a prior juvenile criminal record, (2) in refusing to submit simple assault and battery for the jury's consideration as a lesser included offense in the charge of assault and battery of a high and aggravated nature, and (3) in imposing an excessive sentence. We find no error and affirm.

Appellant was sixteen (16) years of age when the crime was committed and seventeen (17) at the time of trial. He testified and, on direct examination, admitted involvement in some previous unspecified trouble with police officers. Later, on cross-examination, the Solicitor, in attempting to elicit the nature of appellant's prior trouble with the law, asked appellant if he had been previously convicted of armed robbery. The court immediately, upon objection, interrupted and appellant was not permitted to answer the question.

There was no further reference in the examination of appellant to his prior criminal record.

Appellant contends that the refusal of the trial judge to grant a timely motion for a mistrial, because of the reference in cross-examination to the prior armed robbery conviction, was error. He argues that Sections 14-21-30 and 14-21-620 of the 1976 Code of Laws prohibit the use of a defendant's prior juvenile criminal record against him in a subsequent criminal proceeding. It is also contended that appellant did not have the benefit of counsel during the alleged prior juvenile conviction, as now required by *In re Gault,* 387 U. S. 1, 87 S. Ct. 1428, 18 L. Ed. (2d) 527, and that a prior conviction, rendered without such fundamental due process safeguards, would be invalid and, therefore, inadmissible.

Pertinent here, Section 14-21-30 provides that the official records of the Family Courts shall be open to inspection only by consent of the judge to persons having a legitimate interest therein; and Section 14-21-620 states that:

No adjudication by the court of the status of any child shall be deemed a conviction, nor shall such adjudication operate to impose any of the civil disabilities ordinarily resulting from conviction. . . . The disposition made of a child, or any evidence given in the court, shall not operate to disqualify the child in any future civil service application or appointment.

The foregoing sections contain no direct prohibition against the use of a defendant's juvenile record to impeach him in a later criminal prosecution, and no reason appears to require such construction. The North Carolina Supreme Court, faced with language similar to that contained in our Section 14-21-620, *supra,* has soundly held that, whether a defendant's juvenile offense was labeled an "adjudication or conviction," it could be used against him for impeachment purposes in a subsequent criminal trial, if "he had been found guilty of conduct which, if committed by an adult, would be criminal." *State v. Miller,* 281 N. C.

70, 187 S. E. (2d) 729. Courts in some jurisdictions have reached different results based largely upon local statutes materially different from those with which we are here concerned. These cases are collected in an exhaustive annotation in 63 A. L. R. (3d) 1112.

However, a contrary construction of our statutes would not aid appellant in this case because he would have waived any rights under the statute by first opening the subject of his prior trouble with the officers. See cases cited in Section 5(b), 63 A. L. R. (3d) at page 1135. This is in accord with the general principle that a subject opened on direct examination may be developed and explored on cross-examination.

Appellant bases his reliance upon *In re Gault, supra,* on the appellant's alleged lack of counsel at the time of his conviction of the prior juvenile offense. The short answer to this argument is that there is no proof in this record of any of the circumstances surrounding the prior conviction and, therefore, no showing that appellant was without counsel at the time.

There is clearly no merit in appellant's contention that error was committed in refusing to submit the issue of simple assault and battery to the jury. The principle applied in *State v. Funchess,* 267 S. C. 427, 229 S. E. (2d) 331, and *State v. Hollman,* 245 S. C. 362, 140 S. E. (2d) 597 governs the disposition of this issue. We held in those cases that it is not error to refuse to submit the question of simple assault and battery to the jury under an indictment for assault and battery of a high and aggravated nature, unless there is testimony tending to show that the defendant is only guilty of a simple assault and battery.

The prosecutrix testified that the appellant, whom she recognized, surprised her in her room at night, that she saw him "mess with the top of his pants," and that he cut her

on the face and hand with a knife. Appellant relied on the defense of alibi. Under these circumstances, the refusal to charge the jury as to simple assault and battery was correct.

Finally, appellant contends that it was error to impose one indivisible sentence for both crimes. The jury found appellant guilty of burglary but recommended mercy, thereby reducing the sentence for that offense from life to a minimum of five (5) years with the maximum within the discretion of the court. The maximum sentence for assault and battery of a high and aggravated nature was ten (10) years. Instead of imposing a separate sentence for each offense, the trial judge sentenced the appellant as follows: "The sentence . . . is that you be confined in the Department of Corrections for a period of twenty (20) years." No objection to the form of the sentence was interposed by appellant at that time.

In this appeal, appellant argues that, under the general sentence imposed, it is impossible to determine what portion was allocated by the trial judge to each offense, making it possible that more than ten (10) years was imposed for the offense of assault and battery of a high and aggravated nature. Under appellant's argument, this would render the sentence for assault and battery excessive.

The following from *Ballew v. State,* 262 S. C. 393, 204 S. E. (2d) 736, shows appellant's argument to be without merit:

The rule in this State is that on conviction, under an indictment charging separate offenses in separate counts, a single sentence for all the offenses may be given so long as it does not exceed the aggregate of sentences which might be separately imposed.

A maximum sentence of ten (10) years could have been imposed for assault and battery of a high and aggravated nature plus any number of years less than life for burglary, making the aggregate of the sentences, which might have

been imposed, far beyond that imposed by the trial judge. Therefore the sentence imposed was within the statutory limits set for the offenses involved and was not excessive.

The judgment is affirmed.

LITTLEJOHN, NESS, RHODES and GREGORY, JJ., concur.