21043

Goldman R. TRUETT, Jr., Respondent, v. Kathleen N. GEORGESON, Appellant.

(258 S. E. (2d) 499)

*John Earl Duncan,* Lexington, *for Appellant*

*Jerry J. Mealing,* and *Harrison & Pleicones,* Columbia, *for Respondent.*

August 28, 1979.

*Per Curiam:*

This appeal is from a jury verdict of $540.00 actual damages and $5,000.00 punitive damages in a malicious prose-

cution action brought by respondent Truett against appellant Georgeson. We reverse.

In December of 1974, respondent purchased 4.7 acres of property near Swansea from appellant, assumed a first mortgage from the bank, and gave a second mortgage to appellant. Respondent defaulted on both mortgages and appellant commenced foreclosure proceedings in September of 1975.

At about this time, appellant learned respondent removed from the property a chain link fence valued at approximately $800.00 She then contacted the local magistrate who issued a warrant for respondent's arrest, charging him with common law grand larceny. The warrant was subsequently dismissed by the magistrate, and the parties agreed respondent would reconvey the property to appellant rather than proceed with the foreclosure action. Eighteen months later, in April of 1977, respondent commenced this action for malicious prosecution.

Appellant asserts the trial court erred in denying her motion for a nonsuit as there was no evidence appellant acted maliciously in taking out the warrant. We agree.

In order to maintain an action for malicious prosecution, it must be shown the defendant instituted a judicial proceeding maliciously, wthout probable cause, which resulted in injury or damage to the plaintiff. *Cisson v. Pickens Savings and Loan Association,* 258 S. C. 37, 186 S. E (2d) 822 (1972); *Ruff v. Eckerds Drugs, Inc.,* 265 S. C. 563, 220 S. E. (2d) 649 (1975). Malice is a critical element in a cause of action for malicious prosecution. *Gibson v. Brown,* 245 S. C. 547, 141 S. E (2d) 653 (1965).

We conclude the record in this case is devoid of any evidence of malice on the part of appellant Georgeson. Respondent defaulted in his payments to appellant, removed the fence, and transported it to Spartanburg. When appellant related these facts to the magistrate, he issued the warrant for respondent's arrest.

Malice is the deliberate intentional doing of a wrongful act without just cause or excuse. *Margolis v. Telech*, 239 S. C., 232 122 S. E. (2d) 417 (1961). While it is apparent the warrant was incorrect as it should have charged respondent with disposing of property under lien, this technical error alone is insufficient to establish malice by appellant in instituting procedings against respondent.[1]

The trial court erred in refusing to grant appellant's motion for nonsuit. Accordingly, the judgment is reversed.

Reversed.

---

[1] This case is distinguishable from *Patterson v. Bogan*, 261 S. C. 87, 198 S. E. (2d) 586 (1973), where more than a mere technical error in the warrant was held to be some evidence of malice. In *Bogan*, the parties instituting the prior action admitted they procured the arrest warrant in order to compel return of the property.