21093

The STATE, Respondent, v. Isaac BROWN, Jr., Appellant.

(260 S. E. (2d) 719)

*Veronica G. Small, Asst. Public Defender,* Charleston, *for appellant.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Atty. Gen. Sally G. Young,* Columbia, and *Sol. Capers G. Barr, III,* Charlesfor respondent.

November 27, 1979.

GREGORY, Justice:

Appellant Isaac Brown, Jr., was found guilty of robbery and appeals. Error is assigned to the trial judge's jury instructions in two particulars. We affirm.

Appellant's first contention is that the charge on the offense of robbery improperly over-emphasized the element of lack of the victim's consent to the taking. He argues that such emphasis effectively eliminated the jury's need to find the element of felonious intent, and in the context of this case, amounted to an indirect and impermissible comment on the facts. We disagree.

The common-law offense of robbery is essentially the commission of larceny with force. *Young v. State,* 259 S. C. 383, 192 S. E. (2d) 212 (1972); 50 Am. Jur. (2d) *Larceny,* § 8. Larceny involves the felonious taking and carrying away of the goods of another, *State v. Sweat,* 221 S. C. 270, 70 S. E. (2d) 234 (1952), which must be accomplished against the will or without the consent of the other. 50 Am. Jur. (2d) *Larceny,* § 23.

Thus, it is clearly not error for a trial judge to embrace lack of consent in his charge to the jury on the offense of robbery.

Viewing the charge as a whole, *State v. Vaughn,* 268 S. C. 119, 232 S. E. (2d) 328 (1977), we conclude that the trial judge's inclusion of lack of consent was not an impermissible charge on the facts of the case in violation of Article V, Section 17 of our State Constitution, but rather a correct statement of the law, *State v. Arnold,* 127 S. C. 80, 120 S. E. 747 (1924), in conformity with the evidence. *State v. Gates,* 269 S. C. 557, 238 S. E. (2d) 680 (1977).

The robbery charge also contained sufficient instruction to the jury on the element of intent so as to apprise them of the need to find this element in order to convict.

The trial judge stated: "The offense of robbery includes the offense of larceny. And hence, to constitute robbery it must be proved that the taking was with the intent to steal." And further in the charge:

Now, I told you that it required the intent. In every criminal offense there must be a concurrence, an act and an intent. Intent is a material element of the offense which like all others must be proved, proved beyond a reasonable doubt.

In determining the question, you are to consider all of the facts and circumstances in the case which touch on the conduct of the Defendant, as well as any declarations or admissions, if any. Criminal intent may be implied from the acts, conduct, declarations and admissions, if any, of a Defendant. Considered in relation to the charge made, they may establish criminal intent.

In our view, this was an adequate charge on intent. The instructions pertaining to the offense of robbery were correct statements of the law, and we perceive no error.

Appellant also takes exception to commentary by the trial judge at the beginning of the charge regarding the function and role of the grand jury and its return of a true bill in criminal proceedings. Applelant argues that these comments prejudiced the trial jury's decision as to his guilt or innocence.

Rather than moving for a mistrial in response to these comments, appellant's counsel sought and received the following curative instruction:

The Court: Mr. Foreman and members of the jury, I am going to go back to what the grand jury is. The grand jury as a usual process, it hears only witnesses that would be the usual kind that would be presented by the State, that is in the prosecution. They don't hear from any Defendant or any defense witnesses. They are not a trial jury, as I told you. You are the trial jurors. You determine and it is for

you alone to determine the guilt or innocence of an individual, is he or is he not guilty of the charges contained in the Indictment. What a grand jury does is immaterial to you. If it was a no bill, as I said, nobody would be brought in here faced with a charge. If he is brought in here, the paper brings him in, and he has entered the plea of "Not Guilty" and I charge you that that places the burden on the State to prove the Defendant guilty.

We agree with appellant that the comments, which really amounted to an abstract charge unrelated to the facts of the case, were unfortunate. However, by this additional instruction the trial judge readily granted the only relief which appellant sought at trial. Thus, this exception presents no issue for decision by this Court on appeal. See cases collected in West's South Carolina Digest, *Appeal and Error,* Key Numbers 169 and 216(2).

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and RHODES, JJ., concur.