22247

In re WILLIE H., a minor under the age of seventeen years, Appellant.
(327 S. E. (2d) 76)

Supreme Court

*Asst. Appellate Defender Elizabeth C. Fullwood,* of *S. C. Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Atty. Gen. Harold M. Coombs, Jr.,* and *staff Atty. Carlisle Roberts, Jr.,* Columbia, and *Sol. John R. Justice,* Chester, *for respondent.*

Heard Feb. 4, 1985.

Decided Feb. 22, 1985.

CHANDLER, Justice:

Appellant was adjudicated a delinquent for the offense of burglary. He was placed on probation subject to special conditions. We reverse.

During trial, the State introduced a statement made by appellant's brother Obie which implicated appellant in the burglary. Obie did not testify. The statement was hearsay and should not have been admitted since it did not fall within any of the hearsay exceptions. *See, State v. Sullivans,* 277 S. C. 35, 282 S. E. (2d) 838 (1981).

The State concedes error in the lower court, but argues that this Court should not reach the issue because the case is moot. This Court has stated that when a juvenile has been released from custody and is on probation his appeal is normally moot. *In re Darlene C.,* 278 S. C. 664, 301 S. E. (2d) 136 (1983). South Carolina is not alone in holding that a juvenile's appeal is moot unless he remains in confinement. However, several states have refused to foreclose appeal on this basis when the juvenile may be subject to adverse collateral consequences stemming from the adjudication. 43 C. J. S. *Infants* § 90.

In some instances, a juvenile adjudication may be used ■ to impeach a witness in a subsequent legal proceeding. *State v. Mallory,* 270 S. C. 519, 242 S. E. (2d) 693 (1978). Recently, this Court has authorized a sentencing judge to consider an adult defendant's juvenile record in imposing a sentence. *Hayden v. State,* S. C., 322 S. E. (2d) 14 (1984). An adjudication of delinquency may adversely affect the juvenile long after he has been released from custody. The existence of these collateral consequences prevents a case from becoming moot even though custody has terminated. We hold that where adverse collateral consequences may arise from the adjudication, a juvenile may not be foreclosed from appeal simply because he is no longer in custody.

The State also argues that the error in admitting Obie's statement was harmless beyond a reasonable doubt, since it was cumulative to other overwhelming evidence of appellant's guilt. We disagree. Obie's statement was the only evidence tending to establish appellant's guilt. Appellant's adjudication of delinquency is

Reversed.

LITTLEJOHN, C. J., and NESS, GREGORY and HARWELL, JJ., concur.