22461

The STATE, Respondent, v. Julius SPARKMAN, Appellant.

(339 S. E. (2d) 865)

Supreme Court

*Chief Atty. William Isaac Diggs, Asst. Appellate Defender Joseph L. Savitz, III, S. C. Office of Appellate Defense,* Columbia, and *Thomas R. Goldstein,* Georgetown, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Atty. Gen. Harold M. Coombs, Jr.,* Columbia, and *Solicitor James O. Dunn,* Conway, *for respondent.*

Heard Dec. 10, 1985.

Decided Feb. 4, 1986.

FINNEY, Justice:

Appellant, Julius Sparkman, was convicted of three counts of arson in the third degree and sentenced to a Youthful Offender's sentence not to exceed six years. We reverse and remand.

Appellant alleges that the Family Court erred in denying appellant's counsel access to the juvenile records of the state's primary witness against him. He also alleges that the trial court erred in denying his counsel the right to cross examine the juvenile for impeachment purposes concerning his prior juvenile record and any plea agreement entered into. He further alleges error in the solicitor's closing argument.

Appellant and subject juvenile were charged with several criminal offenses. The juvenile's cases were adjudicated in the Family Court of Georgetown County.[1] The juvenile was subsequently called as the state's key witness in the trial of appellant in General Sessions Court.

Prior to appellant's trial, his counsel served subpoenas on the Georgetown County Department of Youth Services to appear at appellant's trial with the juvenile records. The Family Court issued an order prohibiting the release of the juvenile records without the approval of the Family Court. Appellant does not except to this order.

Appellant petitioned the Family Court requesting that the Department of Youth Services be ordered to release the juvenile's record for use in preparation for appellant's defense. Counsel pointed out to the Family Court that the juvenile was the state's key witness against the appellant,

---

[1] The record is unclear as to the number, nature or disposition of the petitions which had been filed against the juvenile in the Family Court. Appellant's counsel indicated that there were twenty-six prior petitions filed; the state's attorney admitted that there were approximately fifteen.

that his prior juvenile record could be directly relevant to the juvenile's credibility, and that without it, the appellant would be denied his right to confront witnesses against him. The Family Court judge denied the appellant's petition. Appellant excepts and appeals this denial.

Before trial, in camera, appellant's attorney advised the trial court of his dilemma and inquired of the judge as to any limits on his right to cross examine the juvenile about his prior criminal record and any plea agreement entered into in exchange for his testimony against appellant. The trial judge ruled that counsel could not question the juvenile about his prior criminal record or any plea agreement.

During trial, Appellant's counsel attempted to cross examine the juvenile about his prior record and plea agreement. The judge sustained the state's objection, and admonished counsel not to delve into this line of questioning as he had previously ruled.

In the absence of the jury, the appellant's counsel proffered testimony to show that a plea agreement had been negotiated with the juvenile in exchange for his testimony against appellant. The juvenile probation officer in charge of the case was sworn and refused to testify concerning the juvenile's record pursuant to the Family Court's order denying access to the record. The trial court agreed that she did not have to answer such questions.

The assistant solicitor, who prosecuted the juvenile's case in Family Court, was sworn and testified that no plea agreement was entered into with the juvenile for his testimony against appellant. She admits that at least fifteen juvenile petitions had been filed against the subject juvenile in 1984 and, further, that some additional petitions may have been filed, but that these had been dismissed. She also indicates that all of the petitions against the juvenile have now been disposed of for reasons other than his testimony against appellant.

During the proffer, Appellant's counsel also called as a witness the attorney who represented the juvenile in the Family Court proceedings. He testified that the juvenile agreed to plead guilty to the three housebreaking and three arson charges involving the premises for which appellant was convicted and one unrelated housebreaking. All other

petitions against the juvenile were dismissed, and the juvenile agreed to testify against appellant.

This Court has found that there is no direct prohibition against the use of juvenile adjudications to impeach either a defendant, *State v. Mallory*, 270 S. C. 519, 242 S. E. (2d) 693 (1978), or a non-party witness, *State v. Plath*, 277 S. C. 126, 284 S. E. (2d) 221 (1981). In the case at bar, the juvenile was the state's sole witness placing appellant at the scene of the crimes charged. The juvenile's credibility was an important issue in this case. *Cf. Giglio v. United States*, 405 U. S. 150, 92 S. Ct. 763, 31 L. Ed. (2d) 104 (1972). The right of confrontation is paramount to the state's policy of protecting a juvenile offender, *Davis v. Alaska*, 415 U. S. 308, 94 S. Ct. 1105, 39 L. Ed. (2d) 347 (1974). We hold that the trial judge erred in not permitting appellant's counsel the right to cross examine the juvenile for impeachment purposes regarding his prior record and any plea agreement.

We also hold that, under the circumstances of this case, the Family Court judge erred in denying appellant's counsel access to the juvenile's record. Counsel showed a substantial need and legitimate interest in the juvenile's record, and that he was unable to secure the information from any other source. Section 20-7-780, Code of Laws of South Carolina [Cum. Supp. (1983)], permits access to a juvenile's record if a legitimate interest can be shown. The Family Court may, however, place appropriate and reasonable restrictions upon the use of the juvenile's record by counsel. We make no determination as to the admissibility of the juvenile's record at trial.

We find no merit in appellant's objections to the solicitor's closing argument and affirm pursuant to Supreme Court Rule 23.

Reversed and remanded.

NESS, C. J., and GREGORY, HARWELL and CHANDLER, JJ., concur.