543 S.E.2d 255

**The STATE, Respondent,**

v.

**Sally Caulder PARKER and Timothy Kirby, Appellants.**

No. 3290.

Court of Appeals of South Carolina.

Heard Nov. 8, 2000.

Decided Jan. 29, 2001.

Rehearing Denied March 12, 2001.

---

5. Because of our disposition of this question, it is unnecessary to address the OCLEC's remaining issues on appeal.

Assistant Appellate Defender Katherine Carruth Link, of SC Office of Appellate Defense, of Columbia, for appellants.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, and Assistant Attorney General Robert Bogan, all of Columbia; and Solicitor Jay E. Hodge, Jr., of Darlington, for respondent.

CURETON, Judge.

In this criminal action, Timothy Kirby and Sally C. Parker appeal from their grand larceny convictions on the ground

that the trial court lacked the requisite subject matter jurisdiction.[1]  We agree and vacate the convictions.

## FACTS AND PROCEDURAL HISTORY

The Marlboro County grand jury indicted Kirby and Parker on a single count of armed robbery for perpetrating a sham robbery of Boulevard Express, a local convenience store, on November 2, 1997.  The crime netted the pair $1,192.00 in currency and two pistols.  Kirby was also indicted for contributing to the delinquency of a minor because he arranged to have Sedrick Alford, a juvenile acquaintance, participate in the crime.

On the day in question, Kirby approached Alford and asked if he would like to make some money.  Alford agreed and the pair traveled to Boulevard Express at approximately 5:00 p.m.  Kirby left Alford at a nearby fast-food restaurant while he entered the convenience store.  Therein, Kirby spoke with Parker as she worked.  Kirby later revealed to Alford the plan to stage an armed robbery of the store later that evening while Parker was still working.  The plan called for Alford to enter the store alone wearing a mask and carrying a pistol, both provided by Kirby, and demand money and a pistol from Parker, who would fully cooperate.

Alford carried out the plan at approximately 7:00 p.m.  Parker aided Alford during the sham robbery by retrieving money from the store's safe and voluntarily showing him where the store's firearms were secreted behind the sales counter.  Alford received $60 and a new pair of tennis shoes for his participation in the crime.

While investigating the apparent armed robbery, police received a tip which implicated Alford.  On November 3, 1997, Alford was questioned by police and freely confessed his involvement in the sham robbery.  He also revealed Kirby and Parker's involvement.

Based on Alford's confession, the police interviewed Parker.  Although she admitted to having recognized Alford during the robbery, she denied any participation in it and claimed to have

---

1.  Kirby was also found guilty of contributing to the delinquency of a minor, but that conviction is not a part of this appeal.

concealed Alford's identity from police in order to protect him. She did not testify at trial. Kirby testified and denied any involvement in the crime.

At the end of the state's case, the trial court directed a verdict for the defendants stating:

> [this] is clearly a grand larceny case. I grant your motion as to armed robbery. I grant it as to robbery. But I will charge a *less[e]r included offense* of larceny which is the taking of the property of another with the intent of depriving the owner permanently thereof in the amount greater than $1,000. (emphasis added).

No one objected to the ruling. The jury found the pair guilty of grand larceny. This appeal followed.

## LAW/ANALYSIS

Parker and Kirby argue the trial court lacked subject matter jurisdiction to convict them of grand larceny because it is not a lesser-included offense of the charged offense of armed robbery. We agree.

### I.

Issues involving subject matter jurisdiction may be raised at anytime, including for the first time on appeal. *Weinhauer v. State,* 334 S.C. 327, 513 S.E.2d 840 (1999). Therefore, we consider the trial court's jurisdiction to try Parker and Kirby for grand larceny despite the lack of a ruling by the trial court on the issue.

A trial court acquires subject matter jurisdiction to hear a criminal case by way of a legally sufficient indictment or a valid waiver thereof. *State v. Johnston,* 333 S.C. 459, 510 S.E.2d 423 (1999). The scope of the jurisdiction conferred by an indictment is limited to the charged offense and any lesser-included offenses. *State v. Gunn,* 313 S.C. 124, 437 S.E.2d 75 (1993); *State v. Tyndall,* 336 S.C. 8, 518 S.E.2d 278 (Ct.App. 1999). Distinct offenses may be charged in separate counts of the same indictment. *State v. Jones,* 325 S.C. 310, 479 S.E.2d 517 (Ct.App.1996)(citing *State v. Whitener,* 228 S.C. 244, 89 S.E.2d 701 (1955)). However, two separate offenses cannot, ordinarily, be charged in a single-count indictment unless one

is a lesser-included offense of the other. *State v. Fennell,* 263 S.C. 216, 209 S.E.2d 433 (1974).

An indictment sufficiently charges a particular offense when "it apprises the defendant of the elements of the offense intended to be charged and informs the defendant of the circumstances he must be prepared to defend." *Locke v. State,* 341 S.C. 54, 56, 533 S.E.2d 324, 325 (2000) (citing *Granger v. State,* 333 S.C. 2, 507 S.E.2d 322 (1998)).[2] An indictment must: (1) enumerate all the elements of the charged offense, regardless of whether it is a statutory or common law offense, and (2) recite the factual circumstances under which the offense occurred. *See* S.C.Code Ann. § 17–19–20 (1985); *State v. Evans,* 322 S.C. 78, 470 S.E.2d 97 (1996). Our supreme court has instructed us to apply "the indictment sufficiency test[] ... with a practical eye" to determine if the defendant was prejudiced by the content of the indictment. *State v. Adams,* 277 S.C. 115, 125, 283 S.E.2d 582, 587 (1981), *overruled on other grounds, State v. Torrence,* 305 S.C. 45, 406 S.E.2d 315 (1991).

The indictment *sub judice* appears to be sufficient as the textual portion of the indictment sets forth the elements of both armed robbery and grand larceny[3] while also providing

---

**2.** *See also Carter v. State,* 329 S.C. 355, 362–63, 495 S.E.2d 773, 777 (1998) ("An indictment is sufficient if the offense is stated with sufficient certainty and particularity to enable the court to know what judgment to pronounce, and the defendant to know what he is called upon to answer and whether he may plead an acquittal or conviction thereon."); *Browning v. State,* 320 S.C. 366, 368, 465 S.E.2d 358, 359 (1995) ("The true test of the sufficiency of an indictment is not whether it could be made more definite and certain, but whether it contains the necessary elements of the offense intended to be charged and sufficiently apprises the defendant of what he must be prepared to meet.").

**3.** *Compare* S.C.Code Ann. § 16–11–330(A) (Supp.2000) ("A person who commits robbery while armed with a pistol ... or while alleging, either by action or words, he was armed while using a representation of a deadly weapon ... is guilty of a felony ....") *and State v. Bland,* 318 S.C. 315, 317, 457 S.E.2d 611, 612 (1995) ("Robbery is defined as the felonious or unlawful taking of money, goods or other personal property of any value from the person of another or in his presence by violence or by putting such person in fear.") *with* S.C.Code Ann. § 16–13–30 (Supp.2000) ("Larceny of goods, chattels, instruments, or other personalty valued in excess of one thousand dollars is grand larceny.") *and State v. Keith,* 283 S.C. 597, 598, 325 S.E.2d 325, 326 (1985)

an adequate factual basis for the offenses.[4] However, separate offenses cannot be charged in a single-count indictment unless one is a lesser-included offense of the other. *Fennell,* 263 S.C. at 219, 209 S.E.2d at 434. Scrutinizing the indictment with a practical eye, we conclude Kirby and Parker were prejudiced because they faced the charge of armed robbery at trial, but were forced at the end of the State's case to face the separate offense of grand larceny.

## II.

Because grand larceny was neither sufficiently charged by the single-count indictment nor waived by the defendants, the only possible source of jurisdiction upon which the trial court could have continued to try Parker and Kirby is grand larceny's status as a lesser-included offense of armed robbery. "The test for determining if a crime is a lesser included offense is whether the greater of the two offenses includes all the elements of the lesser offense." *State v. McFadden,* 342 S.C. 629, 632, 539 S.E.2d 387, 389 (2000); *see also Carter v. State,* 329 S.C. 355, 495 S.E.2d 773 (1998). If, under any circumstances, a person can commit the greater offense without being guilty of the purported lesser offense, then the latter is not a lesser-included offense. *Knox v. State,* 340 S.C. 81, 530 S.E.2d 887 (2000).

In *State v. Lawson,* our supreme court, citing *State v. Brown,* 274 S.C. 48, 260 S.E.2d 719 (1979), vacated Lawson's grand larceny sentence, recognizing Lawson's larceny as a lesser-included offense of robbery.[5] *Lawson,* 279 S.C. 266, 305 S.E.2d 249 (1983). *See also State v. Pressley,* 288 S.C. 128,

---

("[L]arceny is the 'felonious taking and carrying away of the goods of another' against the owner's will or without his consent.") (*quoting State v. Brown,* 274 S.C. 48, 49, 260 S.E.2d 719, 720 (1979)).

4. In pertinent part, the indictment charged that Parker and Kirby "did in Marlboro County on or about November 2, 1997, . . . while armed with a deadly weapon feloniously take from the person or presence of the victim, Blvd Express, by means of force or intimidation goods or monies of said victim, such goods or monies being described as follows: $1,192.00 and two pistols."

5. Lawson was convicted of robbery, grand larceny, and aggravated assault.

341 S.E.2d 626 (1986) (declining to overrule or modify *Lawson*). The Court in *Brown* recognized larceny as an element of common law robbery. This suggests that the Court in *Lawson* compared the common law elements of robbery and grand larceny to determine the latter's status as a lesser-included offense. However, statutory enactments involving larceny after the publication of *Lawson* have affected the status of grand larceny as a lesser-included offense of armed robbery.

"At common law every simple larceny, whatever the value of the property stolen, was a felony...." *State v. Gray*, 14 Rich. 174, 175 (1867). However, common law larceny recognized two separate punishments based on the value of the goods stolen. *Id.* "If the value of the property was not above twelve pence, the theft constituted the offence known as petit larceny" and the convicted offender would be sentenced to either a term of imprisonment or a whipping. *Id.* A theft greater than twelve pence was considered grand larceny "and was punished with death, though with benefit of clergy." *Id.* Thus, the common law regarded the petit/grand larceny distinction as merely a sentencing mechanism rather than an element of the offense. *See* 36 C.J. *Larceny* § 224 (1924) (recognizing petit and grand larceny as merely two separate "degrees" of larceny, not elements of the offense).

Common law petit larceny became a statutory offense after the enactment of an 1866 statute which reclassified the offense as a misdemeanor and established a twenty dollar threshold. *Id.* It has remained a statutory offense since 1866 and has changed little to this day.[6] The enactment of the petit larceny statute did not impliedly convert grand larceny into a similar statutory crime. *See State v. Prince*, 316 S.C. 57, 66, 447 S.E.2d 177, 182 (1993) ("Common law offenses are not abrogated simply because there is a statutory offense proscribing similar conduct. Rather, it is presumed that no change in

---

6. *See* S.C.Code Ann. § 16–13–30(A) (Supp.2000) ("Simple larceny of any article ... [with] a value of *one thousand dollars* or less is petit larceny, a misdemeanor ....") (emphasis added); S.C.Code Ann. § 16–13–30 (1976) ("Any simple larceny of any article ... [with] the value of less than *two hundred dollars* shall be a misdemeanor ....") (emphasis added); *Gray,* 14 Rich. 174 (recognizing the abolition of common law petit larceny with the 1866 enactment of a statute which defined petit larceny as simple larceny of goods below the value of $20).

common law is intended unless the Legislature explicitly indicates such an intention by language in the statute.") (citations omitted).

Grand larceny remained a common law offense until 1993 when the legislature amended the petit larceny statute to add a statutory definition of grand larceny.[7] "Larceny of goods ... valued in excess of one thousand dollars is grand larceny" and a felony. S.C.Code Ann. § 16–13–30(B) (Supp. 2000); *see also Coakley v. Tidewater Constr. Corp.*, 194 S.C. 284, 9 S.E.2d 724 (1940) (requiring a clear legislative intent to change the common law). As our Legislature has created the statutory offense of grand larceny, we must now look to the elements contained in the statute, rather than the common law offense to determine if grand larceny is a lesser-included offense of armed robbery. We conclude that because grand larceny has the element of "in excess of one thousand dollars" it is not a lesser-included offense of armed robbery which has no monetary element.[8]

For the aforementioned reasons, the convictions are

**VACATED.**

CONNOR, J., concurs.

GOOLSBY, J., dissents.

GOOLSBY, Judge (dissenting):

I respectfully dissent.

Were this court free to pass upon the issue presented in this case, I would be inclined to agree with the majority that grand

---

**7.** *See Truett v. Georgeson*, 273 S.C. 661, 258 S.E.2d 499 (1979) (recognizing a charge of common law grand larceny as the basis of an action for malicious prosecution); *Ballew v. State*, 262 S.C. 393, 204 S.E.2d 736 (1974) (characterizing grand larceny as a common law offense); *Copeland v. Manning*, 234 S.C. 510, 109 S.E.2d 361 (1959) (recognizing common law grand larceny as separate and distinct from the statutory offense of breaking and entering with intent to steal); *State v. Haynie*, 221 S.C. 45, 47, 68 S.E.2d 628, 629 (1952) ("Grand larceny is not defined by statute in this State, but the elements of the crime are well-established by the common law...."); *State v. Huffstetler*, 213 S.C. 319, 49 S.E.2d 585 (1948) (distinguishing the felony of grand larceny from the statutory misdemeanor of petit larceny).

**8.** See comparison of the two offenses in footnote four.

larceny is not a lesser-included offense of armed robbery. Our supreme court, however, has already held that grand larceny is a lesser-included offense of armed robbery,[9] and its ruling is binding upon this court.[10]

To reach the issue, the majority finds that the supreme court's prior opinions interpret the common law crime of grand larceny and finds that this court is free to interpret the 1993 "codification" of grand larceny. I disagree, as I do not believe that South Carolina Code section 16–13–30 abrogates the common law crime of larceny/grand larceny.[11] Rather, I read section 16–13–30 as primarily a sentencing statute. As noted by Professor McAninch, the larceny statute "does very little to define the offense; the statute is primarily concerned with providing penalties for the different categories of the offense, depending upon the value of the property taken." [12]

Because the larceny statute does not replace this state's continued use of the common law, we are bound by the supreme court's precedent until it is otherwise overruled.

As to the fact that the indictment in this case may be duplicitous, I simply note no objection was made either prior to trial or when the trial court instructed the defendant that it was charging grand larceny.[13]

I would affirm the conviction.

---

9. *State v. Austin,* 299 S.C. 456, 385 S.E.2d 830 (1989); *State v. Pressley,* 288 S.C. 128, 341 S.E.2d 626 (1986); *State v. Harkness,* 288 S.C. 136, 341 S.E.2d 631 (1986); *State v. Lawson,* 279 S.C. 266, 305 S.E.2d 249 (1983); *State v. Brown,* 274 S.C. 48, 260 S.E.2d 719 (1979); *Young v. State,* 259 S.C. 383, 192 S.E.2d 212 (1972).

10. S.C. Const. art. V, § 9 ("The decisions of the Supreme Court shall bind the Court of Appeals as precedents.").

11. *See* 73 Am.Jur.2d *Statutes* § 185 (1974) ("The fact that a statute contains a partial codification of a particular rule or principle of the common law does not necessarily abrogate the remainder of the common-law rule . . . ."); *see also Frost v. Geernaert,* 200 Cal.App.3d 1104, 246 Cal.Rptr. 440, 442 (1988) ("[T]here is a presumption a statute does not, by implication, repeal the common law.").

12. W. McAninch & W. Fairey, *The Criminal Law of South Carolina* 246 (1995).

13. *See* 42 C.J.S. *Indictments and Informations* § 248 (1991) ("It is generally considered that duplicity in an indictment or information may

be waived and is waived by a failure to raise the objection in apt time...."); S.C.Code Ann. § 17-19-90 (1985) ("Every objection to any indictment for any defect apparent on the face thereof shall be taken by demurrer or on motion to quash such indictment before the jury shall be sworn and not afterwards.").