# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

The State, Respondent,

v.

Lance Antonio Brewton, Petitioner.

Appellate Case No. 2022-001505

---

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

---

Appeal From Spartanburg County
J. Derham Cole, Circuit Court Judge

---

Opinion No. 28191
Submitted May 23, 2023 – Filed January 31, 2024

---

## AFFIRMED AS MODIFIED

---

Appellate Defender Kathrine Haggard Hudgins, of Columbia, for Petitioner.

Attorney General Alan McCrory Wilson and Senior Assistant Attorney General Mark Reynolds Farthing, both of Columbia; and Solicitor Barry Joe Barnette, of Spartanburg, for Respondent.

---

**JUSTICE JAMES:** Lance Antonio Brewton was convicted by a jury of murdering Natalie Niematolo, Brewton's on-again, off-again girlfriend. He seeks a writ of certiorari to review the decision of the court of appeals in *State v. Brewton*, 437 S.C.

44, 876 S.E.2d 141 (Ct. App. 2022). We grant the petition on the sole issue of the trial court's admission of Brewton's 1999 strong-arm robbery conviction, dispense with further briefing, and affirm as modified the opinion of the court of appeals.

## I.

Brewton testified at trial, so his credibility as a witness was a jury issue. The State sought to introduce evidence that Brewton was convicted of strong-arm robbery (also known as common law robbery) in 1999 and 2008. After his 1999 conviction, Brewton was imprisoned and released from confinement in 2004. After his 2008 conviction, Brewton was released from confinement in 2011. Brewton testified in the instant case in August 2018, more than ten years after his 2004 release from confinement for the 1999 conviction.

Brewton did not object to the admissibility of the 2008 conviction. However, Brewton objected to the admissibility of the 1999 conviction on remoteness grounds, an obvious invocation of Rule 609(b) of the South Carolina Rules of Evidence. Rule 609 as a whole governs the admissibility of prior convictions for impeachment purposes, and Rule 609(b) provides:

> Evidence of a conviction under this rule is not admissible [for impeachment purposes] if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect.

Rule 609(b) creates a presumption against the admissibility of a remote conviction for impeachment purposes. *State v. Black*, 400 S.C. 10, 18, 732 S.E.2d 880, 885 (2012). The proponent of the evidence must overcome this presumption by establishing, as the rule provides, that the probative value of the conviction substantially outweighs its prejudicial effect.

Before the trial court, Brewton argued evidence of his 1999 conviction was not admissible because he was released from confinement for that conviction in 2004, more than ten years before his 2018 trial testimony. The trial court noted the short period between Brewton's 2004 release and his 2008 conviction for his second robbery conviction, and the trial court noted the seven-year span between Brewton's 2011 release for the second robbery and his testimony in this case. In overruling Brewton's objection, the trial court ruled the probative value of both convictions

substantially outweighed any danger of unfair prejudice[1] to Brewton. Brewton again objected to the admission of the 1999 conviction on the ground of remoteness and argued the probative value of that conviction was outweighed by the danger of unfair prejudice to Brewton. The trial court again overruled the objection.

Having lost the admissibility battle, Brewton asked the trial court if the two prior convictions would, in front of the jury, be generically referred to as "robberies" or "crimes of dishonesty." The State agreed to such a reference. The trial court stated it would not require such a generic reference but suggested that would be the better course. Brewton did not object further. He then testified on direct examination that he had been convicted of two crimes of dishonesty. During its closing argument, the State referred to the two prior convictions as crimes of dishonesty, arguing the convictions "could be used to weigh [Brewton's] credibility as a witness." The trial court charged the jury that some witnesses, "including the defendant, [have] a prior conviction or convictions for certain types of criminal offenses which have an element of dishonesty."[2] The trial court charged the jury that it could consider a witness's convictions only as to the credibility of the witness and for no other purpose. The court of appeals held Brewton waived his objection to the admission of the 1999 conviction "because he acquiesced to referring to it as a crime of dishonesty." 437 S.C. at 61, 876 S.E.2d at 150.

---

[1] Rule 609(b) uses the standard "prejudicial effect," not "danger of unfair prejudice." The latter standard is used in Rule 403 and applies to convictions of a witness other than the accused sought to be introduced under Rule 609(a)(1). The standard "prejudicial effect" applies to convictions of the accused sought to be introduced under Rule 609(a)(1) and to convictions of any witness sought to be introduced under Rule 609(b). Perhaps the drafters of the rules did not intend there to be any difference between the words "prejudicial effect" and "danger of unfair prejudice." But in most instances, a party seeks to introduce evidence that would have a "prejudicial effect" on the other side; however, the prejudicial effect might not be "unfair." Rule 609 of the Federal Rules of Evidence is largely the same as Rule 609, SCRE.

[2] The propriety of such a specific reference to the defendant is not before us.

## II.

### A. Waiver issue

We agree with Brewton that the court of appeals erred in holding he waived his objection to the admissibility of his 1999 conviction by agreeing the conviction could be referred to as "a crime of dishonesty." Rule 18(a) of the South Carolina Rules of Criminal Procedure provides "[c]ounsel shall not attempt to further argue any matter after he has been heard and the ruling of the court has been pronounced." Here, Brewton twice objected to the admissibility of his 1999 conviction on the ground of remoteness, and the trial court twice overruled the objection. Brewton's attempt to lessen the impact of the two prior convictions by requesting they be referred to as crimes of dishonesty was not a waiver of his objection. Finally, when the State argued during closing that the jury could consider the convictions when determining Brewton's credibility as a witness, Brewton had no further right to object. The trial court's ruling on the admissibility of the 1999 conviction was final, and the State confined its closing argument to the trial court's ruling. We will therefore consider the merits of Brewton's admissibility argument.

### B. Admissibility of the 1999 conviction

Rule 402, SCRE, provides,

All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, the Constitution of the State of South Carolina, statutes, these rules, or by other rules promulgated by the Supreme Court of South Carolina. Evidence which is not relevant is not admissible.

Rule 401, SCRE, provides "'[r]elevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." When a witness testifies, the witness's credibility obviously becomes relevant, and a prior criminal conviction of a witness can be probative of that witness's credibility. Allowing the conviction into evidence certainly results in prejudice to the party relying upon the witness's testimony. That prejudice obviously materializes when it is the testifying criminal defendant who has a prior conviction.

Rule 609 sets boundaries on the admissibility of the conviction by requiring the court to balance the probative value of the conviction against its prejudicial effect. The specific balancing test to be conducted depends upon the type of

conviction, whether the witness is the accused in a criminal case, and whether the conviction is remote. As noted above, Rule 609(b) provides that a remote conviction is not admissible "unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect."

Brewton presents two basic arguments under Rule 609. First, Brewton argues strong-arm robbery is not a crime involving dishonesty and should not have been generically labeled as such during the trial court's jury instructions or by the State during its closing argument. "Crime of dishonesty or false statement" is a term of art used in Rule 609(a)(2), and, indeed, in *State v. Broadnax*,[3] this Court held "armed robbery is not a crime of dishonesty or false statement for purposes of impeachment under Rule 609(a)(2)." 414 S.C. 468, 476, 779 S.E.2d 789, 793 (2015). This logic necessarily extends to strong-arm robbery. However, Brewton did not argue at trial that strong-arm robbery is not a crime of dishonesty or false statement. In fact, it was Brewton who, after failing to convince the trial court that the 1999 conviction was too remote to be introduced, initially suggested labeling the strong-arm robbery convictions as crimes of dishonesty. While Brewton did not acquiesce to the threshold admissibility of the 1999 conviction, he did acquiesce to the labeling to which he now objects; thus, Brewton cannot now complain about that labeling.

Brewton next argues the trial court did not conduct the admissibility analysis required by *State v. Colf*, 337 S.C. 622, 525 S.E.2d 246 (2000). In *Colf*, this Court adopted the five-factor analysis employed by federal courts when weighing the probative value of a prior conviction against its prejudicial effect. 337 S.C. at 627, 525 S.E.2d at 248. These factors include:

(1) The impeachment value of the prior crime,

(2) The point in time of the conviction and the witness's subsequent history,

(3) The similarity between the past crime and the charged crime,

(4) The importance of the defendant's testimony, and

---

[3] Strong-arm robbery, also known as common law robbery, "is essentially the commission of larceny with force." *State v. Brown*, 274 S.C. 48, 49, 260 S.E.2d 719, 720 (1979). "Larceny involves the felonious taking and carrying away the goods of another." *Id.* (citations omitted).

> (5) The centrality of the credibility issue.

*Id.* We explained in *Colf,* "These factors are not exclusive; trial courts should exercise their discretion in light of the facts and circumstances of each particular case." *Id.*[4] We held in *Colf* that the evaluation of the five nonexclusive factors must be conducted by the trial court, not the appellate court, because "[i]t is difficult, if not impossible, for an appellate court to balance the interests at stake <u>when the record does not contain the specific facts and circumstances necessary to a decision</u>." *Id.* at 628-29, 525 S.E.2d at 249 (emphasis added). Thus, an appellate court may evaluate a *Colf* factor on its own only when the record clearly reflects the "specific facts and circumstances necessary" to evaluate that factor.

In this case, the trial court evaluated only two of the *Colf* factors. As for the first factor, the trial court obviously considered the impeachment value of a strong-arm robbery conviction, as it charged the jury that the defendant (and other witnesses) had prior convictions for crimes "which have an element of dishonesty." While we held in *Broadnax* that robbery is not a crime "involving dishonesty or false statement" as contemplated in Rule 609(a)(2), we have held a conviction for strong-arm robbery has some impeachment value. *State v. Robinson*, 426 S.C. 579, 600, 828 S.E.2d 203, 214 (2019). "Impeachment value refers to how strongly the nature of the conviction bears on the veracity, or credibility, of the witness." *Black*, 400 S.C. at 21-22, 732 S.E.2d at 887. Under Rule 609, evidence of a conviction of a testifying witness may be introduced only to impeach the credibility of that witness. Therefore, under Rule 609, the impeachment value of a conviction is the <u>only</u> probative value of that conviction. The larceny component of a strong-arm robbery conviction enhances that probative value. The trial court's finding on this *Colf* factor is well-supported by the record and our case law.

The second *Colf* factor requires evaluation of "[t]he point in time of" Brewton's 1999 conviction, his 2004 release from confinement, and his subsequent history. 337 S.C. at 627, 525 S.E.2d at 248. Here, the trial court noted the relatively short time between Brewton's 2004 release from confinement after the 1999 conviction and Brewton's next robbery conviction in 2008. The trial court also

---

[4] The *Colf* factors (and any other relevant factors) must also be evaluated by the trial court under Rule 609(a)(1) when the State seeks to impeach the accused with a nonremote prior conviction of a crime carrying possible punishment in excess of one year. However, the State's burden is somewhat lessened, as it must establish "the probative value of admitting this evidence outweighs its prejudicial effect to the accused." Rule 609(a)(1), SCRE.

considered the span of only seven years from Brewton's 2011 release from confinement for the second robbery conviction to the date he testified in this case. These circumstances enhance the probative value of the 1999 conviction. The trial court's finding on this *Colf* factor is amply supported by the record.

The trial court did not consider the third *Colf* factor, which requires evaluation of the similarities, if any, between the charged crime and the conviction sought to be introduced. The more similarities there are, the greater the prejudicial effect and the less likely the prior conviction should be admitted.[5] *See Colf*, 337 S.C. at 628, 525 S.E.2d at 249. In this case, the specific facts and circumstances in the record clearly establish Brewton's 1999 strong-arm robbery conviction bore no similarity to the facts surrounding Brewton's shooting of Ms. Niematolo. The State contends Brewton shot and killed Ms. Niematolo with malice aforethought after an argument. Brewton maintains he did not intentionally fire the gun. Strong-arm robbery is "the commission of larceny with force." *Brown*, 274 S.C. at 49, 260 S.E.2d at 720. Strong-arm robbery does not involve the use of a deadly weapon. There is no similarity between strong-arm robbery and the fact pattern surrounding the shooting in this case. The complete absence of similarities lessens the prejudicial effect of the 1999 conviction and, in this case, weighs only in favor of allowing the conviction into evidence. A remand of this issue to the trial court would serve no purpose.

The trial court also did not address the fourth *Colf* factor, the importance of the defendant's testimony. The weight to be given to this factor is not clearly apparent from the record, so we will not undertake the analysis ourselves.

The trial court also did not address the fifth *Colf* factor, which requires evaluation of the "centrality of the credibility issue." It is patently apparent from the record that Brewton's credibility was central to the jury's determination of whether the shooting was unintentional or with malice aforethought. While the prejudicial effect of the conviction is apparent, Brewton was the only defense witness, and no State's witness supported his account that the shooting was unintentional. These facts and circumstances magnify the issue of Brewton's credibility and significantly heighten the probative value of the remote conviction. A remand of this issue to the trial court would serve no purpose.

---

[5] If the prior conviction is <u>not</u> remote and was for a crime involving dishonesty or false statement, the conviction is admissible for impeachment purposes, regardless of the probative value or prejudicial effect of the evidence. *See Robinson*, 426 S.C. at 593, 828 S.E.2d at 210 (citing *State v. Bryant*, 369 S.C. 511, 517, 633 S.E.2d 152, 155 (2006)).

The evidence in the record supports the trial court's determination that the probative value of the remote strong-arm robbery conviction substantially outweighed the prejudicial effect to Brewton.

## III.

We noted in *Colf* that the trial court must evaluate the *Colf* factors on its own and that a remand to the trial court for that undertaking will be necessary "<u>when the record does not contain the specific facts and circumstances necessary to a decision</u>." 337 S.C. at 628-29, 525 S.E.2d at 249 (emphasis added). While the trial court did not evaluate the third and fifth factors, the facts and circumstances pertinent to these two factors are clearly apparent from the record and support only the conclusion that these two factors significantly weighed in favor of admissibility of the 1999 conviction. A remand of these two issues is therefore not necessary. Because the first, second, third, and fifth *Colf* factors so clearly support the trial court's ruling, there is no need to consider the fourth factor in this case. We therefore affirm the court of appeals as modified.[6] However, we remind the trial bench and the bar of the importance of an on-the-record evaluation of the weight to be given each *Colf* factor (and any other relevant factor). Such an evaluation allows the appellate court to fully consider the degree of discretion exercised by the trial judge in admitting, excluding, or limiting the evidence.

**AFFIRMED AS MODIFIED.**

**BEATTY, C.J., KITTREDGE, and FEW, JJ., concur. HILL, J., not participating.**

---

[6] The State argues the lack of trial-court analysis of some *Colf* factors was harmless because the jury heard evidence Brewton was convicted of another crime which had "an element of dishonesty." The State contends evidence of the second conviction—to which Brewton did not object—removed any prejudicial taint of the remote conviction. We need not address this argument. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding the appellate court need not address the remaining issues when disposition of a prior issue is dispositive).