736 S.E.2d 688

The **STATE**, Respondent,

v.

Christopher **BROADNAX**, Appellant.

Appellate Case No. 2010–166606.

No. 5071.

Court of Appeals of South Carolina.

Heard May 8, 2012.

Decided Jan. 9, 2013.

---

240

Appellate Defender LaNelle C. Durant, of Columbia, for Appellant.

Attorney General Alan Wilson, Chief Deputy Attorney General John W. McIntosh, and Senior Assistant Attorney General Harold M. Coombs, Jr., all of Columbia, for the State.

LOCKEMY, J.

In this appeal from his criminal conviction, Christopher Broadnax contends the trial court erred in: (1) admitting his three prior armed robbery convictions for impeachment purposes; (2) denying his motion to withdraw the life without parole (LWOP) notice based on the arbitrary use of the prosecution's discretion in the plea bargaining process; (3) denying his motion to withdraw the LWOP notice based on the lack of any standards to guide solicitors regarding when they should seek a sentence of LWOP; and (4) denying his motion that the jury be informed he was facing the mandatory sentence of LWOP. We reverse and remand to the trial court.

## FACTS

On May 24, 2009, Broadnax entered a Church's Fried Chicken (Church's) around 5:00 p.m. He pointed a gun at three of the employees and forced one to remove all the register's money. Broadnax then placed the money into a bag and fled the scene. An employee followed Broadnax outside and observed him getting into a truck that subsequently drove away. The police responded, and they were able to track a similar truck several blocks away from the Church's. The police stopped the truck and removed the driver. Broadnax was found inside, crouched down in the passenger seat. A gun and a bag of clothing were located underneath the passenger seat. On November 19, 2009, a grand jury indicted Broadnax for armed robbery, and on June 10, 2010, the case was called to trial before a jury.

In a pre-trial hearing, Broadnax admitted he was convicted of armed robbery in 1979 and 1991.[1] The State had served him with notice of LWOP on May 18, 2010, based on those previous armed robbery charges. Broadnax argued he was not adequately informed of the possibility of LWOP at the time of his prior convictions; thus, it was a violation of his Sixth Amendment rights. Further, he maintained he relinquished his right to go to trial in 1991 in reliance on the representation and assurance of his attorney, who did not inform him of the subsequent possibility of LWOP; thus, his

---

1. Broadnax had three armed robbery convictions from 1991, but only one armed robbery conviction from 1979.

rights under the Fifth and Fourteenth Amendments as well as all the South Carolina constitutional equivalent provisions were violated. The trial court withheld ruling on the issue to allow the State to submit case law on the issues. At the end of the pre-trial hearing, the State submitted case law, but there was no ruling made from the bench on the issue.[2]

Broadnax further objected to the solicitor's total discretion in noticing LWOP sentences under section 17–25–45 of the South Carolina Code (Supp.2011), and maintained the unfettered discretion violated his substantive due process rights. Broadnax stated he had been willing to plead guilty to his current charge, but the solicitor had "it out for him." Broadnax stated that in the interest of judicial economy, the prosecution sometimes uses the threat of LWOP as a method to induce a plea, and they will choose not to go forward with LWOP when a defendant will plea. He requested to proffer testimony from Investigator A. L. Thomas to show the prosecution's arbitrary and capricious actions. However, instead of proffering Investigator Thomas's testimony, Broadnax proffered testimony from a law clerk, Jacob Taylor Bell, who could testify to the same evidence. Bell stated he was present for a conversation regarding plea offers between Investigator Thomas and Broadnax's counsel. In that conversation, Broadnax indicated he was willing to plead to twenty years, but Bell testified Investigator Thomas "explicitly said [the prosecutor] had her fangs out for Broadnax." The trial court explained that "when you've got the notice that lists three or four different armed robbery offenses, I fail to see that there is any arbitrariness in the use of the life without parole notice," and denied Broadnax's motion.

Broadnax then argued section 17–25–45 violated the Equal Protection Clause and maintained the statutory discretion given to solicitors in deciding whether to notice LWOP was capricious and arbitrary. He contended it would depend on the county, "[o]r even less, it [would] depend[ ] on which solicitor a defendant draws as to whether or not they will get LWOP when they are willing to plead to something." He contended that with no defined standard to guide prosecutors, a situation is created where similarly situated defendants are

---

2. This issue was not raised on appeal; thus, it is not preserved.

treated differently depending on the county jurisdiction. In support of his argument, Broadnax cited *Bush v. Gore*, 531 U.S. 98, 121 S.Ct. 525, 148 L.Ed.2d 388 (2000). The trial court denied that motion as well.

During the trial, Broadnax decided to testify in his own defense, and the trial court conducted an inquiry into his prior record to determine which convictions could be admitted into evidence. The trial court found three out of his four prior armed robbery convictions were admissible, in addition to prior convictions for transaction card theft, grand larceny, and petit larceny, pursuant to Rule 609(a)(2), SCRE.[3] The trial court noted *State v. Al–Amin*, 353 S.C. 405, 578 S.E.2d 32 (Ct.App.2003) supported its decision that the armed robbery convictions were crimes of dishonesty. However, the trial court also stated *Al–Amin* involved a defendant on trial for murder, whereas Broadnax was charged with armed robbery, noting the difference had the potential to increase the prejudicial impact of admitting the prior armed robbery convictions. Despite that distinction, the trial court followed the court in *Al–Amin*, and determined that case made it clear no Rule 403 analysis applied to any convictions admitted for impeachment purposes under Rule 609(a)(2). Defense counsel then requested permission to elicit testimony from Broadnax on direct examination about the prior convictions without having waived his objection to that same testimony. He did not want to be "hamstrung" and wished to avoid the prior convictions being exploited by the State on cross-examination. "[I]t [was defense counsel's] understanding that this [was] only for impeachment purposes and it's not for [ ] propensity. And if such an objection arises, [he] would of course make it on the record." The trial court agreed to Broadnax's strategy of eliciting testimony about the prior convictions on direct examination but not waiving his objection to that testimony.

After the jury returned with a guilty verdict, Broadnax renewed all his objections. He also moved for a new trial based on violations of the Fourteenth Amendment. Specifically, Broadnax contended the State denied him his due process right to a fair trial by eliciting testimony of his three prior

---

3. No issue was raised relating to the time element established in Rule 609(b), SCRE.

convictions for armed robbery and by misusing the word "innocent" so as to improperly shift the burden to the defendant.[4] The trial court denied all his motions, and this appeal followed.

## ISSUES ON APPEAL

Did the trial court err in admitting Broadnax's three prior armed robbery convictions for impeachment purposes pursuant to Rule 609(a)(2)?

Did the trial court err in denying Broadnax's motion to withdraw the notice of LWOP based on the arbitrary use of the prosecution's discretion in the plea bargaining process?

Did the trial court err in denying Broadnax's motion to withdraw the notice of LWOP based on the lack of standards guiding solicitors in when they should seek a sentence of LWOP?

Did the trial court err in denying Broadnax's motion that the jury be instructed Broadnax was facing a mandatory sentence of LWOP?

## STANDARD OF REVIEW

■■ "In criminal cases, the appellate court sits to review errors of law only." *State v. Baccus,* 367 S.C. 41, 48, 625 S.E.2d 216, 220 (2006) (citing *State v. Wilson,* 345 S.C. 1, 5, 545 S.E.2d 827, 829 (2001)). "This [c]ourt is bound by the trial court's factual findings unless they are clearly erroneous." *Id.* (citing *State v. Quattlebaum,* 338 S.C. 441, 452, 527 S.E.2d 105, 111 (2000)).

## LAW/ANALYSIS

### Prior Convictions

Broadnax argues the trial court erred in admitting the prior armed robbery convictions into evidence for purposes of impeachment under Rule 609(a)(2). Specifically, Broadnax maintains that since the armed robberies should not have been admitted for impeachment purposes pursuant to Rule 609(a)(2), the trial court should have analyzed them pursuant

---

4. Broadnax did not raise the issue of the State's alleged misuse of "innocent" on appeal.

to Rule 609(a)(1); thus, a balancing test was necessary. We agree.

As a threshold matter, we address the State's argument that Broadnax did not preserve this issue for our review. *See State v. Liverman,* 386 S.C. 223, 243, 687 S.E.2d 70, 80 (Ct.App.2009) (holding issues must be raised to and ruled upon by trial court to be preserved for review); *see also State v. Hoffman,* 312 S.C. 386, 393, 440 S.E.2d 869, 873 (1994) ("A contemporaneous objection is required to properly preserve an error for appellate review."); *State v. Burton,* 326 S.C. 605, 609, 486 S.E.2d 762, 764 (Ct.App.1997) ("Failure to object when the evidence is offered constitutes a waiver of the right to object."). We disagree.

■ Broadnax raised his objection directly prior to taking the stand in his own defense. After the trial court issued its ruling on admissibility, Broadnax stated he would be eliciting the challenged testimony in order to avoid having the State exploit it. Thus, we believe this issue was properly preserved for our review. *See State v. Mueller,* 319 S.C. 266 at 267–69, 460 S.E.2d 409, 410–11 (Ct.App.1995) (finding that because no evidence was presented between the ruling on impeachment evidence and the defendant's testimony, there was no basis for the trial court to change its ruling, and "if a party has obtained a final ruling on the admissibility of impeachment evidence, that party does not lose his right to challenge on appeal the admissibility of the evidence by eliciting the evidence during direct examination"). We continue now to the merits of Broadnax's argument.

■ Rule 609(a), SCRE provides that for the purpose of attacking the credibility of a witness:

(1) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused; and

(2) evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of the punishment.

"Under Rule 609(a)(2), SCRE, if a crime is viewed as one involving dishonesty, the court must admit the prior conviction because, prior convictions involving dishonesty or false statement must be admitted regardless of their probative value or prejudicial effect." *State v. Bryant,* 369 S.C. 511, 517, 633 S.E.2d 152, 155 (2006); *see State v. Al–Amin,* 353 S.C. 405, 425–27, 578 S.E.2d 32, 43–44 (Ct.App.2003) (stating crimes involving dishonesty or false statements are "automatically admissible for impeachment purposes because they have the greatest probative value on the issue of truth and veracity").

■ Our supreme court held in *State v. Bryant,* 369 S.C. 511, 517, 633 S.E.2d 152, 155 (2006) that "a conviction for robbery, burglary, theft, and drug possession, beyond the basic crime itself, is not probative of truthfulness." *See United States v. Smith,* 181 F.Supp.2d 904 (N.D.Ill.2002) (stating that since the government did not show that any of the convictions of robbery, burglary, theft, or drug possession involved any false statements or acts of deceit beyond the basic crime itself, they were not admissible under the Federal Rule of Evidence 609(a)(1)). Unlike in *Al–Amin,* our supreme court has stated stealing is not always a crime of dishonesty if there are no additional affirmative false statements or acts of deceit beyond the crime itself.

■ If the crime of armed robbery is not considered a crime of dishonesty under 609(a)(2), it may still be admitted under Rule 609(a)(1), but it would be subject to a balancing test. Under Rule 609(a)(1), the trial court must determine if the probative value of admitting the evidence outweighs its prejudicial effect to the accused. Moreover, our supreme court laid out other various factors to consider when determining whether to admit prior convictions under 609(a)(1): (1) the impeachment value of the prior crime; (2) the point in time of the conviction and the witness's subsequent history; (3) the similarity of the past crime and the charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the credibility issue. *Bryant,* 369 S.C. at 517 n. 1, 633

S.E.2d at 155 n. 1 (citing *State v. Martin,* 347 S.C. 522, 530–31, 556 S.E.2d 706, 710–11 (Ct.App.2001)).

■■ After careful consideration of previous case law, we take this opportunity to follow *Bryant* in deciding these prior armed robberies, without more, are not crimes of dishonesty.[5] We are not ruling that the prior armed robberies are *per se* inadmissible; however, as the court in *Bryant* stated, to be admissible under Rule 609(a)(2), there simply must be something beyond the basic crime. In the present case, the State did not show any further affirmative false statements or acts of deceit beyond the basic crime itself. Accordingly, we find the trial court erred in admitting Broadnax's prior convictions of armed robbery pursuant to Rule 609(a)(2), SCRE, and the probative value of Broadnax's prior armed robbery convictions should have been weighed against their prejudicial effect prior to their admission pursuant to Rule 609(a)(1).

■ "Error is harmless where it could not reasonably have affected the result of the trial." *Bryant,* 369 S.C. at 518, 633 S.E.2d at 156 (citing *In re Harvey,* 355 S.C. 53, 63, 584 S.E.2d 893, 897–98 (2003)). "Generally, appellate courts will not set aside convictions due to insubstantial errors not affecting the result." *Id.* (citing *State v. Sherard,* 303 S.C. 172, 175, 399 S.E.2d 595, 596 (1991)). "Thus, an insubstantial error not affecting the result of the trial is harmless where a defendant's guilt has been conclusively proven by competent evidence such that no other rational conclusion can be reached." *Id.* (citing *State v. Bailey,* 298 S.C. 1, 4–5, 377 S.E.2d 581, 583–84 (1989)). "The circumstances of each individual case are to be considered." *Id.*

■ Because Broadnax's prior convictions were the identical charge as the offense in the present case, we cannot conclude Broadnax was not prejudiced by the admission of those prior convictions. *See State v. Howard,* 396 S.C. 173, 180–81, 720 S.E.2d 511, 515–16 (Ct.App.2011); *see also Bryant,* 369 S.C. at 517–18, 633 S.E.2d at 156 (holding that when a prior offense is similar to the charged offense the

---

5. We recognize this court held in *Al–Amin* that armed robbery was a crime of dishonesty pursuant to Rule 609(a)(2). *State v. Al–Amin,* 353 S.C. 405, 425, 578 S.E.2d 32, 43 (Ct.App.2003). However, since *Al–Amin,* our supreme court has decided *Bryant.*

"danger of unfair prejudice to the defendant from impeach-ment by that prior offense weighs against its admission"); *State v. Scriven,* 339 S.C. 333, 343–44, 529 S.E.2d 71, 76–77 (Ct.App.2000) (holding that the prior convictions are "similar or identical to charged offenses, and the likelihood of a high degree of prejudice to the accused is inescapable"). Because we find the admission of Broadnax's prior armed robberies created such a high degree of prejudice in this case, we reverse and remand for a new trial.

The determination of this issue is dispositive, and thus, we decline to address Broadnax's remaining arguments relating to a solicitor's discretion in noticing LWOP and the trial court's denial of his request to inform the jury of his potential LWOP sentence. *See Futch v. McAllister Towing of George-town, Inc.,* 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (stating that if an appellate court's ruling on a particular issue is dispositive of an appeal, rulings on remaining issues are unnecessary).

## CONCLUSION

For the foregoing reasons, we reverse and remand for a new trial.

**REVERSED AND REMANDED.**

WILLIAMS, J., concurs.

THOMAS, J. (concurring in part and dissenting in part).

I agree with the majority that Broadnax's prior armed robbery convictions, without more, were not admissible under Rule 609(a)(2) for impeachment purposes, but would remand on the issue of whether or not they could have been admitted under Rule 609(a)(1).

As the majority notes, the South Carolina Supreme Court held in *State v. Bryant,* 369 S.C. 511, 517, 633 S.E.2d 152, 155 (2006), that "a conviction for robbery, burglary, theft, and drug possession, *beyond the basic crime itself,* is not probative of truthfulness." (emphasis added). By including the phrase "beyond the basic crime itself," the court has declined thus far to hold that such crimes are never probative of truthfulness. Rather, in qualifying its ruling, it allowed for the possibility that upon a proper showing, a witness could be impeached by

a conviction for not only one of these crimes, but convictions for other crimes that are rarely if ever recognized as crimes involving dishonesty or false statement. *See id.* (noting violations of narcotics laws as well as firearms violations, "are *generally* not probative of truthfulness" (emphasis added)). Therefore, our supreme court has not completely prohibited the admission of convictions for robbery, burglary, theft, drug possession or other narcotics violations, and firearms violations under Rule 609(a)(2) if the proponent can show through evidence such as prior plea colloquies, indictments, or other reliable information from previous proceedings that the witness to be impeached gave a false statement or otherwise behaved dishonestly when committing the offense leading to the conviction sought to be admitted. If so, the conviction at issue could be admitted in trial courts of this State under Rule 609(a)(2) even though the underlying offense itself is not " 'in the nature of *crimen falsi,* the commission of which involves some element of deceit, untruthfulness, or falsification bearing on the accused's propensity to testify truthfully.' " *State v. Shaw,* 328 S.C. 454, 457 n. 4, 492 S.E.2d 402, 404 n. 4 (Ct.App.1997) (quoting Notes of Conference Report, H.R. No. 93–1597, *reprinted in 3 Weinsteins's Evidence* 609–39 (1976), *quoted in United States v. Ortega,* 561 F.2d 803, 806 (9th Cir.1977)).

Here, the trial judge, relying on *State v. Al–Amin,* 353 S.C. 405, 578 S.E.2d 32 (Ct.App.2003), admitted Broadnax's prior armed robbery convictions for impeachment purposes under Rule 609(a)(2) as crimes "involv[ing] dishonesty or false statement." *See* Rule 609(a)(2), SCRE. I agree with the majority that *Bryant,* which was issued by the South Carolina Supreme Court after this court decided *Al–Amin,* gives guidance to this court. Armed robbery, absent presentation of facts and circumstances by the State to demonstrate an act of dishonesty or false statement was involved in the crime, is not *per se* a crime that "involved dishonesty or false statement" that would be admissible under Rule 609(a)(2). As the majority points out, the State did not show any false statements or dishonest conduct beyond the convictions themselves. Under *Bryant,* without this additional information, the corresponding armed robbery convictions would not be probative of Broadnax's

truthfulness as a witness and would therefore be inadmissible under Rule 609(a)(2).

As the majority has done, I agree it would then be appropriate to inquire whether Broadnax's prior armed robbery convictions could have been admitted under Rule 609(a)(1).[6] Under Rule 609(a)(1), evidence of these convictions "shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused." However, I am reluctant to have this court make this determination without first giving the trial court the opportunity to rule on the issue. *See State v. Scriven,* 339 S.C. 333, 340, 529 S.E.2d 71, 74 (Ct.App.2000) ("[Rule 609(a)(1) ] requires *the trial judge* to balance the probative value of the evidence for impeachment purposes against the prejudice to the accused." (emphasis added)). We have followed this practice even when the similarity between the prior offenses and the offense on which the accused was tried raised a potential for prejudice. *See id.* at 340–44, 529 S.E.2d at 74–77 (holding the trial court must conduct a balancing test under Rule 609(a)(1) to determine whether an accused facing trial on charges for distributing cocaine and marijuana could be impeached with his prior drug convictions).

Therefore, I agree with the majority that the trial court erred in holding Broadnax's prior convictions for armed robbery were admissible for impeachment purposes pursuant to Rule 609(a)(2), but would remand for a determination by the trial court of their admissibility for impeachment purposes pursuant to Rule 609(a)(1).

---

**6.** The record indicates a reference was made to Rule 609(a)(1), SCRE, when counsel presented their arguments as to whether Broadnax's convictions were admissible to impeach his credibility, thus indicating that if the trial court determined they were not admissible under Rule 609(a)(2), the State was prepared to argue that they could be admitted under Rule 609(a)(1).