# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

The State, Petitioner,

v.

Christopher Broadnax, Respondent.

Appellate Case No. 2013-000615

---

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

---

Appeal From Richland County
G. Thomas Cooper, Jr., Circuit Court Judge

---

Opinion No. 27545
Heard February 4, 2015 – Refiled July 29, 2015

---

## REVERSED IN PART AND AFFIRMED IN PART

---

Attorney General Alan McCrory Wilson, Chief Deputy
Assistant Attorney General Julie Kate Kenney and
Assistant Attorney General Mary Shannon Williams, all
of Columbia, for Petitioner.

Appellate Defender LaNelle Cantey DuRant, of
Columbia, for Respondent.

---

**CHIEF JUSTICE TOAL:** The State of South Carolina appeals the court of appeals' decision reversing Christopher Broadnax's (Respondent) convictions for

armed robbery and kidnapping, and remanding for a new trial. We reverse in part and affirm in part the decision of the court of appeals.

## FACTUAL/PROCEDURAL HISTORY

At 5:30 p.m. on May 24, 2009, a masked gunman entered Church's Chicken on Two Notch Road in Columbia. He held one of the employees at gunpoint while the employee emptied the cash registers. Three other employees locked themselves in the kitchen. The gunman was wearing a striped shirt, had a distinctive "lazy eye," and carried a clear plastic bag.

After the employee filled the bag with money from the registers, the gunman calmly exited the store, climbed into a "gray Dodge old model truck" driven by an accomplice, and left the scene. One of the employees chased the gunman outside and saw him riding in the passenger seat of the gray truck as the driver pulled out of the parking lot onto Two Notch Road.

Police responded to the scene within approximately three minutes, and based on the employees' descriptions of the getaway vehicle, stopped the driver a short distance from the Church's Chicken on Two Notch Road.[1] When officers approached the vehicle, they found Respondent crouched down on the floorboard of the passenger side. Officers immediately noticed that Respondent had a "lazy eye." The police officers found a gun and a bag full of money (matching the employees' descriptions) jammed under the truck's passenger seat, adjacent to Respondent. Further, one of the employees identified Respondent as the gunman in a "show-up" identification, and testified that he recognized Respondent's distinctive facial features, build, and clothing.[2]

Respondent was charged with one count of armed robbery and four counts of kidnapping.

After the State rested, Respondent indicated that he would testify in his own defense. Consequently, the State moved to admit Respondent's prior criminal

---

[1] A testifying officer stated that the truck was distinctive because it was in poor condition and "had a number of dents and pings and so forth."

[2] Several of the employees also made in-court identifications of Respondent as the perpetrator of the crimes. Furthermore, Respondent's accomplice testified against him at trial.

record for purposes of impeachment. The trial court heard arguments and conducted an inquiry into which of Respondent's prior convictions should be admitted. Pursuant to Rule 609(a)(2), SCRE, and the court of appeals' opinion in *State v. Al–Amin*, 353 S.C. 405, 578 S.E.2d 32 (Ct. App. 2003), the trial court admitted three of Respondent's four prior armed robbery convictions.[3]

During his testimony, Respondent denied any involvement in the robbery. However, Respondent's counsel elicited testimony regarding Respondent's prior convictions for armed robbery.[4] The State likewise questioned Respondent about his prior convictions.

The trial judge then instructed the jury:

You've heard evidence that the defendant was convicted of a crime other than the one for which the defendant is now on trial. This evidence may be considered by you if you can conclude it is true only in deciding whether the defendant's testimony is believable and for no other purpose. You must not consider the defendant's prior record as any evidence of the defendant's guilt of the charge that we are trying here today.

The jury found Respondent guilty of armed robbery and four counts of kidnapping, and the trial judge sentenced Respondent to a mandatory minimum sentence of life imprisonment without the possibility of parole based on Respondent's prior armed robbery convictions.

On appeal to the court of appeals, Respondent argued, *inter alia*, that the trial court erred in admitting his prior armed robbery conviction for impeachment purposes. *See State v. Broadnax*, 401 S.C. 238, 241, 736 S.E.2d 688, 689 (Ct. App. 2013). The court of appeals reversed and remanded the case to the trial court for a new trial. *Id.* Specifically, the court of appeals found: (1) Respondent's prior armed robbery convictions, without more, did not constitute crimes of dishonesty,

---

[3] The trial court also admitted Respondent's prior convictions for transaction card theft, grand larceny, and petit larceny.

[4] The trial court permitted Respondent's counsel to elicit the prior conviction testimony during his direct examination without waiving his objection to the admission of that testimony.

and therefore, the trial court should have conducted a balancing test prior to admitting testimony regarding Respondent's prior armed robbery convictions; and (2) such error was not harmless beyond a reasonable doubt. *Id.* at 244–48, 736 S.E.2d at 691–93.

**ISSUES PRESENTED**

I.    Whether the court of appeals erred in finding that Respondent's prior armed robbery convictions were not crimes of dishonesty, and were therefore inadmissible under Rule 609(a)(2), SCRE?

II.    Whether the court of appeals erred in refusing to find any error in the admission of Respondent's prior criminal record harmless beyond a reasonable doubt?

**STANDARD OF REVIEW**

In criminal cases, the appellate court sits to review errors of law only. *State v. Baccus*, 367 S.C. 41, 48, 625 S.E.2d 216, 220 (2006). The admission or exclusion of evidence rests in the sound discretion of the trial judge, and will not be reversed on appeal absent an abuse of discretion. *State v. Gaster*, 349 S.C. 545, 557, 564 S.E.2d 87, 93 (2002) (citation omitted); *see also State v. Kelly*, 319 S.C. 173, 176, 460 S.E.2d 368, 370 (1995) ("A trial judge has considerable latitude in ruling on the admissibility of evidence and his rulings will not be disturbed absent a showing of probable prejudice." (citation omitted)). "An abuse of discretion occurs where the conclusions of the trial court either lack evidentiary support or are controlled by an error of law." *State v. McDonald*, 343 S.C. 319, 325, 540 S.E.2d 464, 467 (2000) (citation omitted).

**LAW/ANALYSIS**

## I. Prior Armed Robbery Convictions

The State argues that the court of appeals erred in reversing the trial court because armed robbery is a "crime of dishonesty or false statement" such that it is automatically admissible under Rule 609(a)(2), SCRE. We disagree.

Rule 609(a), SCRE, provides:

For the purpose of attacking the credibility of a witness,

> (1) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused; and

> (2) evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of the punishment.

In *State v. Al-Amin*, the court of appeals considered the question of whether the appellant was entitled to a new trial after the trial court admitted his prior armed robbery conviction without first weighing the probative value and prejudicial effects of the admission. 353 S.C. at 408–09, 414, 578 S.E.2d at 34, 37. Noting that "[t]here is disagreement among federal circuit courts and state courts construing Rule 609(a)(2) as to which crimes are included," the court of appeals explained that "[t]he disagreement revolves around whether convictions for theft crimes, such as larceny, robbery, and shoplifting, should be admitted under the rule as involving dishonesty or false statement." *Id.* at 415, 578 S.E.2d at 37. The court of appeals acknowledged that a majority of federal courts has adopted a narrow approach to the question, but declined to follow federal precedent, instead adopting an expansive approach to determining what constitutes a "crime of dishonesty or false statement." *Id.* at 416, 578 S.E.2d at 38. The court of appeals reasoned:

> "An essential element of robbery is that the perpetrator of the offense steals the goods and chattels of another or, in the case of an attempt to commit robbery, intends to steal the goods or chattels of the person assaulted. If this element is not present, the crime is not robbery or an attempted robbery. Stealing is defined in law as larceny. Larceny involves dishonesty. The fact that the perpetrator of the crime manifests or declares his dishonesty by brazenly committing the crime does not make him an honest person."

*Id.* at 421, 578 S.E.2d at 40–41 (quoting *State v. Goad*, 692 S.W.2d 32, 37 (Tenn.

Crim. App. 1985)).  Thus, the court of appeals concluded, "It is the larcenous element of taking property of another which makes the action dishonest. Larceny is a lesser-included offense of armed robbery." *Id.* at 425, 578 S.E.2d at 43 (citations omitted).  The court of appeals, citing several dictionary definitions, found further,

> To restrict the application of Rule 609(a)(2) only to those offenses which evidence an element of affirmative misstatement or misrepresentation of fact would be to ignore the plain meaning of the word "dishonesty." "Dishonesty" is, by definition, a "'disposition to lie, cheat, or **steal.**'" "To be dishonest means to deceive, defraud or **steal.**" "'In common human experience[,] acts of deceit, fraud, cheating, or **stealing** . . . are universally regarded as conduct which reflects adversely on a man's honesty and integrity.'"

*Id.* (internal citations omitted).

More recently, however, we decided *State v. Bryant*, in which we held that the trial court erroneously admitted the petitioner's prior firearms convictions under Rule 609 without weighing the probative value and prejudicial effects of their admission because the firearms offenses were not crimes involving dishonesty. 369 S.C. 511, 517, 633 S.E.2d 152, 155–56 (2006).  In so holding, we stated:

> Violations of narcotics laws are generally not probative of truthfulness. *See State v. Cheeseboro*, 346 S.C. 526, 552 S.E.2d 300 (2001) (citing *State v. Aleksey*, 343 S.C. 20, 538 S.E.2d 248 (2000)). ***Furthermore, a conviction for robbery, burglary, theft, and drug possession, beyond the basic crime itself, is not probative of truthfulness.*** *United States v. Smith*, 181 F. Supp. 2d 904 (N.D. Ill. 2002).[5] Likewise, firearms violations also are not generally probative

---

[5] In *Smith*, the court stated:

> [E]vidence that any witness has been convicted of a crime involving dishonesty or false statement is admissible without regard to its prejudicial effect. Fed. R. Evid. 609(a)(2). Smith's forgery conviction is admissible under Rule 609(a)(2). However, his convictions for robbery, burglary, theft, and drug possession convictions are not, as the government has not shown that any of them involved false statements or acts of deceit beyond the basic crime itself, and as to the

of truthfulness. Accordingly, Petitioner's prior firearms convictions do not involve dishonesty and their probative value should have been weighed against their prejudicial effect prior to their admission pursuant to Rule 609(a)(1).

*Id.* (emphasis added).

Here, the State argues that because *Bryant* involved convictions for firearms offenses, and not explicitly a prior armed robbery conviction, the above language is merely dicta.  Therefore, the State relies on earlier precedents from our courts— namely *Al-Amin*—and points to other states' precedents to support its argument that armed robbery is a crime of dishonesty, such that no balancing test is required.

We take this opportunity to overrule *Al-Amin*, and reaffirm the rule as formulated in *Bryant* that armed robbery is not a crime of dishonesty or false statement for purposes of impeachment under Rule 609(a)(2).  While many states have adopted a broader interpretation of the Rule, we find the analysis to be more nuanced than that undertaken by the *Al-Amin* court.[6]  Under *Al-Amin*'s and the concurrence's rationale, the exception contained in Rule 609(a)(2), which permits the automatic admission of certain prior convictions, swallows the rule contained in Rule 609(a)(1), in which discretion regarding the admission of prior convictions rests with the trial judge.  We think this interpretation is contrary to the intent of the Rule.

---

theft convictions has not shown that it involved items of significant value.

181 F. Supp. 2d at 909 (internal citations omitted).

[6] *See* Stuart P. Green,  *Deceit and the Classification of Crimes: Federal Rule of Evidence 609(a)(2) and the Origins of* Crimen Falsi, 90 J. Crim. L. & Criminology 1087, 1119 (2000) ("The problem with [a broad reading of the term 'crime of dishonesty'] . . . is that it blurs the moral distinction between stealing and lying. A person who steals is certainly dishonest; she rejects the idea of making an honest living; she cheats; she takes something to which she is not entitled; she disobeys the rules. But there is no particular reason to think that she is deceitful. Indeed, what little empirical evidence there is indicates that a prior conviction for larceny (stealing by stealth) says little or nothing about a witness'[s] propensity to lie." (footnote omitted)).

Thus, we hold that for impeachment purposes, crimes of "dishonesty or false statement" are crimes in the nature of *crimen falsi* "that bear upon a witness's propensity to testify truthfully." *Adams v. State*, 644 S.E.2d 426, 431–32 (Ga. Ct. App. 2007) (footnote omitted) (surveying federal and state treatment of the issue, and adopting the more narrow federal definition); *see also United States v. Smith*, 551 F.2d 348, 362–63 (D.C. Cir. 1976) ("[I]n its broadest sense, the term *'crimen falsi'* has encompassed only those crimes characterized by an element of deceit or deliberate interference with a court's ascertainment of truth." (emphasis added)). Armed robbery, therefore, is not per se probative of truthfulness.

The Federal Rules of Evidence specifically identify *crimena falsi* in Rule 609(a)(2), FRE, as crimes which by their very nature permit the impeachment of a witness convicted of a crime of "dishonesty or false statement." Green, *supra* note 6, at 1090. In fact,

> [t]he original Conference Report makes the link between Rule 609(a)(2) and the *crimena falsi* explicit, defining the phrase "crimes involving dishonesty or false statement" as "crimes such as perjury, subornation of perjury, false statements, criminal fraud, embezzlement, or false pretense, or any other offense in the nature of *crimen falsi*, the commission of which involves some element of deceit, untruthfulness, or falsification bearing on the accused's propensity to testify truthfully."

*Id.* at 1090–91 (emphasis added) (footnote omitted) (quoting H.R. Conf. Rep. No. 93-1037, at 9 (1975)). While the State emphasizes that South Carolina did not adopt this explanatory language when it adopted Federal Rule 609, the notion of *crimen falsi* in the evidentiary context is long-established in the common law of South Carolina. *See, e.g.*, *State v. Peterson*, 35 S.C. 279, 282, 14 S.E. 617, 618 (1892) ("The old, well-settled rule was that one who had been convicted of a crime belonging to the class known as the '*crimen falsi*' was said to be infamous, and incompetent to testify."). Thus, the State's argument is unavailing. *Cf. Williams v. Condon*, 347 S.C. 227, 247, 553 S.E.2d 496, 507 (Ct. App. 2001) ("A strong presumption . . . exists that the General Assembly does not intend to supplant common law principles when enacting legislation." (citations omitted)).[7]

---

[7] While the concurrence criticizes our reliance on the federal interpretation of the Rules, we note that we routinely look to the federal interpretation of the Rules of

Here, the trial judge felt constrained by *Al-Amin* to forgo a balancing test, even though he noted that *Al-Amin* was a "significant departure" from what he understood the law to be, especially because the State sought to admit *three* prior convictions identical to the one for which Respondent was currently on trial. We agree with the trial judge that the prejudicial effect of admitting prior convictions for the exact same offense is often very high. *See State v. Scriven*, 339 S.C. 333, 343–44, 529 S.E.2d 71, 76–77 (Ct. App. 2000) (stating that because the prior convictions were "similar or identical to charged offenses, . . . the likelihood of a high degree of prejudice to the accused [was] inescapable"). For this reason, a rule that places discretion with the trial judge is even more desirable, and unlike the concurrence, we think the trial judge is the best arbiter of whether a very prejudicial piece of evidence should be admitted in this situation—unless of course the prior crime specifically relates to a defendant's penchant to tell the truth on the witness stand. Importantly, our holding today does not preclude the admission of prior convictions for armed robbery; rather, it merely enables a trial judge to conduct a balancing test pursuant to Rule 609(a)(1) when the State seeks prior convictions for armed robbery to impeach a criminal defendant's testimony.

Ultimately, the Rule is designed to help the jury discern the truth. It is not a tool for the State to bolster its case against the criminal defendant for the mere fact that the defendant has engaged in prior criminal activity. The balance we strike today cuts to the heart of our system's conceptions of fair trial and fair play.

Thus, we affirm the court of appeals' finding that armed robbery is not a crime of "dishonesty or false statement," rendering it admissible pursuant to Rule 609(a)(2), SCRE.

## II. Harmless Error

---

Evidence to guide us in our interpretation of our own Rules of Evidence. *See, e.g.*, *Auto-Owners Ins. Co. v. Rhodes*, 405 S.C. 584, 594, 748 S.E.2d 781, 786 (2013) ("Because our appellate courts have not definitively addressed Rule 60(b)(5), we have looked to the federal courts' interpretation as our rule is similar to the federal rule."); *Laffitte v. Bridgestone Corp.*, 381 S.C. 460, 474 n.10, 674 S.E.2d 154, 162 n.10 (2009) ("The language of Rule 26(c), SCRCP, mirrors that of federal Rule 26(c). Because there is no South Carolina precedent construing this rule, federal interpretation of Rule 26(c) is persuasive authority." (citation omitted)).

Next, the State argues that any error in admitting the prior armed robbery convictions was harmless beyond a reasonable doubt. We agree.

While we agree with the court of appeals that in many instances, the admission of identical prior convictions for impeachment purposes enhances its prejudicial nature, it does not conclusively render the error so prejudicial that it is not subject to a harmless error analysis. Rather,

> [w]hether the improper introduction of this evidence is harmless requires us to look at the other evidence admitted at trial to determine whether the defendant's "guilt is conclusively proven by competent evidence, such that no other rational conclusion could be reached."

*State v. Brooks*, 341 S.C. 57, 62–63, 533 S.E.2d 325, 328 (2000) (quoting *State v. Parker*, 315 S.C. 230, 234, 433 S.E.2d 831, 833 (1993)).

Here, the other evidence implicating Respondent in these crimes was overwhelming. Respondent was positively identified by several employees who recalled Respondent's distinctive facial features and clothing. Furthermore, one of the employees watched as Respondent's accomplice drove him away from the scene in a dented gray truck, which the police stopped a only a short distance away within minutes after the employees reported the robbery. Inside the getaway vehicle, police found Respondent crouching in the floorboard area, sitting adjacent to a gun and a bag of money matching the employees' descriptions.

Therefore, in spite of the error in admitting Respondent's prior convictions for armed robbery, we find such error was harmless beyond a reasonable doubt, and we reverse the part of the court of appeals' decision finding otherwise. *See, e.g.*, *State v. Mizzell*, 349 S.C. 326, 334, 563 S.E.2d 315, 319 (2002) ("'Harmless beyond a reasonable doubt' means the reviewing court can conclude the error did not contribute to the verdict beyond a reasonable doubt.").[8]

## CONCLUSION

For the foregoing reasons, the decision of the court of appeals is

---

[8] The State also contends that the court of appeals erred in refusing to remand the case to the trial court, and in conducting the Rule 609(a)(1) balancing test itself. Our harmless error analysis renders the remand issue moot.

**REVERSED IN PART AND AFFIRMED IN PART**.

**KITTREDGE and BEATTY, JJ., concur.  HEARN, J., concurring in a separate opinion in which PLEICONES, J., concurs.**

**JUSTICE HEARN**: I concur in the result reached by the majority. However, I would reverse the court of appeals' opinion and hold the trial court did not err in admitting Broadnax's prior convictions because armed robbery is a crime involving dishonesty under Rule 609(a)(2) of the South Carolina Rules of Evidence.

I appreciate the majority's discussion of the similar federal rule and its accompanying legislative history. As the majority correctly asserts, the federal rule has been interpreted to limit the application of Rule 609(a)(2), FRE to those prior convictions of crimes whose central elements involve *crimen falsi*. *See United States v. Smith,* 551 F.2d 348, 362–63 (D.C. Cir. 1976) ("[I]n its broadest sense, the term 'crimen falsi' has encompassed only those crimes characterized by an element of deceit or deliberate interference with a court's ascertainment of truth.").

However, the majority's analysis ignores that neither our rule nor its commentary, both of which were promulgated by this Court, contain any reference to *crimen falsi*. *Cf.* Rule 609 note ("Subsection (a) does change the law in South Carolina."). Further, I disagree with the majority that the common law somehow contains and thus preserves the concept that *crimen falsi* is the operative standard. Curiously, the sole case the majority cites to support this proposition, *State v. Peterson*, 35 S.C. 279, 14 S.E. 617 (1892), affirmed the trial court's admission of a prior conviction for the exact crime at issue today: robbery. *Id.* at 281, 14 S.E. at 618.

Accordingly, this Court's interpretation of Rule 609(a)(2), SCRE must be limited to its plain language. The Rule states:

> For the purpose of attacking the credibility of a witness,
>
> **(1)** evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused; and
>
> **(2)** evidence that any witness has been convicted of a crime shall be

admitted if it *involved dishonesty* or false statement, regardless of the punishment.

Rule 609(a), SCRE (emphasis added). As our court of appeals succinctly noted in *State v. Al–Amin*, 353 S.C. 405, 578 S.E.2d 32 (Ct. App. 2003), the operative word for this analysis is "dishonesty." As elucidated by that court:

> To restrict the application of Rule 609(a)(2) only to those offenses which evidence an element of affirmative misstatement or misrepresentation of fact would be to ignore the plain meaning of the word "dishonesty." "Dishonesty" is, by definition, a "'disposition to lie, cheat, or **steal.**'" "To be dishonest means to deceive, defraud or **steal.**" "'In common human experience[,] acts of deceit, fraud, cheating, or **stealing** . . . are universally regarded as conduct which reflects adversely on a man's honesty and integrity.'"

*Id.* at 425, 578 S.E.2d at 43 (internal citations omitted). Restricting our analysis—as we must—to the plain language of 609(a)(2), SCRE there is no doubt armed robbery constitutes a crime involving dishonesty. Stealing, even more so when done at gunpoint, is essentially the type of behavior reflecting adversely on one's character for truthfulness envisioned by Rule 609(a)(2).

Holding that armed robbery is a crime of dishonesty pursuant to Rule 609(a)(2) would avoid the perverse result the majority creates, where shoplifting is a crime of dishonesty pursuant to *State v. Johnson*, 334 S.C. 78, 87, 512 S.E.2d 795, 800 (1999), but armed robbery is not.[9] Further, it comports with the outcome a majority of states have reached on the same issue. *See* Jane M. Draper, Annotation, *What Constitutes Crime Involving "Dishonesty or False Statement" Under Rule 609(a)(2) of Uniform Rules of*

---

[9] I do not believe the result in this case is dictated by stare decisis. As the majority points out, the Court's decision in *State v. Bryant*, 369 S.C. 511, 517, 633 S.E.2d 152, 155–56 (2006), dealt only with the question of whether prior firearm convictions involve dishonesty. Thus, the Court was not required to reach the same issue that is before us today. *See generally State v. Austin*, 306 S.C. 9, 19, 409 S.E.2d 811, 817 (Ct. App. 1991) (Sanders, C.J.) ("[A]ppellate courts in this state, like well-behaved children, do not speak unless spoken to and do not answer questions they are not asked.").

*Evidence or Similar State Rule—Crimes Involving Violence or Potential for Violence*, 83 A.L.R. 277 (2000) (compiling decisions from other jurisdictions); *see, e.g.*, *Alexander v. State*, 611 P.2d 469, 476 n.18 (Alaska 1980) ("It is the larceny element of robbery which makes such a conviction admissible as impeachment of a witness.").

Accordingly, I would hold the trial court did not err by allowing in evidence of Broadnax's prior convictions pursuant to 609(a)(2) because armed robbery is a crime involving dishonesty, and would reverse the contrary decision of the court of appeals.

**PLEICONES, J., concurs.**