**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Isaac Glenard Lyles, Appellant.

Appellate Case No. 2013-002639

———————————

Appeal From Spartanburg County
Roger L. Couch, Circuit Court Judge

———————————

Unpublished Opinion No. 2016-UP-045
Submitted November 1, 2015 – Filed January 27, 2016

———————————

**AFFIRMED**

———————————

Appellate Defender Laura Ruth Baer, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Interim Senior Assistant Deputy Attorney General John Benjamin Aplin, both of Columbia; and Solicitor Barry Joe Barnette, of Spartanburg, for Respondent.

———————————

**PER CURIAM:** Isaac Glenard Lyles appeals his convictions and sentences for possession with the intent to distribute (PWID) marijuana, trafficking in cocaine, trafficking in cocaine base, possession of a firearm or knife during the commission

of or attempt to commit a violent crime, PWID marijuana within proximity of a school, PWID cocaine within proximity of a school, and PWID crack cocaine within proximity of a school. Lyles argues the trial court erred in (1) refusing to allow him to attack the credibility of the State's witness with prior convictions of burglary and armed robbery, and (2) qualifying a police investigator as an expert in typical methods of packaging, selling, and using drugs. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1. Although Lyles argued the witness's prior convictions were convictions of dishonesty under Rule 609(a)(2), SCRE, at trial, he did not argue Rule 609(a)(1), SCRE, permits the use of any crime punishable by death or imprisonment in excess of one year to attack a witness's credibility, regardless of whether the crime involved dishonesty or false statement. Thus, whether the convictions were admissible under Rule 609(a)(1), SCRE, is not preserved. *See State v. Dunbar,* 356 S.C. 138, 142, 587 S.E.2d 691, 693-94 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial [court]. Issues not raised and ruled upon in the trial court will not be considered on appeal."); *id.* at 142, 587 S.E.2d at 694 ("A party may not argue one ground at trial and an alternate ground on appeal."); *id.* ("A party need not use the exact name of a legal doctrine in order to preserve it, but it must be clear that the argument has been presented on that ground."); *State v. Byers*, 392 S.C. 438, 444, 710 S.E.2d 55, 58 (2011) ("For an objection to be preserved for appellate review, the objection must be made at the time the evidence is presented and with sufficient specificity to inform the [trial court] of the point being urged by the objector." (citation omitted)). Further, the trial court properly found the prior convictions were not admissible under Rule 609(a)(2), SCRE. *See State v. Bryant*, 369 S.C. 511, 517, 633 S.E.2d 152, 155 (2006) ("Under Rule 609(a)(2), SCRE, if a crime is viewed as one involving dishonesty, the court must admit the prior conviction because, prior convictions involving dishonesty or false statement must be admitted regardless of their probative value or prejudicial effect."); *id.* ("[A] conviction for robbery, burglary, theft, and drug possession, beyond the basic crime itself, is not probative of truthfulness."); *State v. Broadnax*, 414 S.C. 468, 478, 779 S.E.2d 789, 794 (2015) (holding the court of appeals correctly decided to follow the rule as formulated in *Bryant* that a conviction for robbery, burglary, theft, and drug possession, beyond the crime itself, is not probative of truthfulness for purposes of Rule 609(a)(2), SCRE), *reh'g granted*, (Sept. 8, 2015).

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

2.  The trial court did not err in qualifying a police investigator as an expert witness.  *See State v. White*, 382 S.C. 265, 269, 676 S.E.2d 684, 686 (2009) ("A trial court's decision to admit or exclude expert testimony will not be reversed absent a prejudicial abuse of discretion."); *State v. Henry*, 329 S.C. 266, 273, 495 S.E.2d 463, 466 (Ct. App. 1997) ("There is no abuse of discretion as long as the witness has acquired by study or practical experience such knowledge of the subject matter of his testimony as would enable him to give guidance and assistance to the jury in resolving a factual issue which is beyond the scope of the jury's good judgment and common knowledge."); *White*, 382 S.C. at 273, 676 S.E.2d at 688 ("The party offering the expert must establish that his witness has the necessary qualifications in terms of 'knowledge, skill, experience, training or education.'"); *id.* at 270, 676 S.E.2d at 686 (stating that under its gatekeeping function, the trial court "ensure[s] the proposed expert testimony meets a reliability threshold for the jury's ultimate consideration"); *State v. Douglas*, 380 S.C. 499, 503, 671 S.E.2d 606, 609 (2009) ("As with any witness, the jury is free to accept or reject the testimony of an expert witness.").

**AFFIRMED.**

**SHORT, GEATHERS, and MCDONALD, JJ., concur.**